1st Lt. Jerome M. PRADIER, Plaintiff-Appellee,

v.

Jose Martin ELESPURU and Luis Basterrechea d/b/a Basterrechea Distributing Company, Defendants-Appellants.

No. 79–4078.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1980.

Decided April 9, 1981.

---

David P. Templeton, Martin, Bischoff, Templeton, Biggs & Ericsson, Portland, Or., for defendants-appellants.

George H. Corey, Corey, Byler & Rew, Pendleton, Or., for plaintiff-appellee.

Before HUG and REINHARDT, Circuit Judges, and SMITH *, District Judge.

HUG, Circuit Judge:

Defendants appeal from the district court's verdict for plaintiff in this personal injury action arising from an automobile accident in Oregon. Jurisdiction was based on diversity of citizenship. Appellants contend that the district court erred in denying a jury trial, and that the evidence did not support certain elements of the trial court's damage award. We reverse and remand for a new trial by jury, and therefore do not reach the damage question.

Plaintiff requested a jury trial in the first and last sentences of the body of his complaint, but did not include the words "Demand for Jury Trial" or their equivalent in the caption. Plaintiff's attorney also checked the box indicated for a jury demand on the civil cover sheet normally filed at the commencement of an action. Defendants' answer initially made no reference to a jury trial, but over a month later an amended answer was filed that included a jury demand in the caption. Plaintiff consented to the filing of the amended answer and jury demand. Subsequently, in conjunction with defendants, plaintiff submitted a pretrial order stating that the jury trial demand was timely.

At the commencement of the trial over a year later, the district court concluded that the demand did not comply with the local rules of the United States District Court for the District of Oregon and refused to grant a jury trial. The court permitted only an advisory jury, whose findings were not binding upon the court.

The advisory jury returned a unanimous special verdict finding the defendants 66⅔ percent negligent, the plaintiff 33⅓ percent negligent and finding plaintiff's damages to be $3,548.45. The district judge denied a motion for judgment on the advisory verdict and held that defendants were 90 percent negligent, that plaintiff was 10 percent negligent and that plaintiff's damages were $32,568.45. He thereupon entered judgment for $29,311.61, which is 90 percent of the $32,568.45.

Rule 38(a) of the Federal Rules of Civil Procedure provides that the right to a jury

---

* Honorable Russell E. Smith, Senior United States District Judge for the District of Montana, sitting by designation.

trial, as guaranteed by the seventh amendment to the Constitution, is to be preserved inviolate. Rule 38(b) provides for the manner in which a demand for a jury trial is to be made, and Rule 38(d) provides that unless a party serves a demand as required by Rule 38(b), and files it, the party waives a trial by jury. Rule 38(d) also specifies that once a demand for trial by jury has been made, it may not be withdrawn without the consent of the parties.

In this case, the district court ruled that a proper demand had not been made, and thus, a trial by jury had been waived. The defect in the demand identified by the district judge was the failure to comply with Rule 22(a) of the Local Rules of the United States District Court for the District of Oregon.

Rule 38(b) of the Federal Rules of Civil Procedure provides:

Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

A demand complying with Federal Rule 38(b) may therefore be made either in a separate written instrument or indorsed upon a pleading.

Local Rule 22(a) provides:

Any party may demand a jury trial as provided in Fed.R.Civ.P. 38(b). When a demand is made in, or by indorsement on a pleading, the title of the pleading shall contain the words 'Demand for Jury Trial,' or their equivalent.

The district court interpreted this rule to mean that unless the parties demanding a jury trial use the words "demand for jury trial" or the equivalent in the title of their pleadings the demand is defective. Because

neither the plaintiff nor defendants captioned their initial pleading with these words, the court held that a proper demand had not been made and that a trial by jury had been waived.

■ The plaintiff stated in two places in his complaint that a jury was demanded. The defendants, in their answer, did not mention a jury nor place the words "Demand for Jury Trial" or its equivalent in the caption. The amended answer, which added the affirmative defense of comparative negligence, did place the appropriate words in the title. The plaintiff, though initially demanding a jury, acquiesced in the trial before the court with an advisory jury; the defendants objected. Under Fed.R.Civ.P. 38(d), however, if the demand of the plaintiff was properly made, then the demand could not be withdrawn absent the consent of the defendants. Because we hold that the initial demand in the complaint was adequate, we need not consider the effect of the amended answer.[1]

The district court ruled that the failure to comply with Local Rule 22 constituted a waiver of the demand for a trial by jury. We first observe that if Local Rule 22 is inconsistent with Fed.R.Civ.P. 38(b), it cannot be enforced. *See* 28 U.S.C. § 2071; *Colgrove v. Battin*, 413 U.S. 149, 163 and n.22, 93 S.Ct. 2448, 2456 n.22, 37 L.Ed.2d 522 (1973). The first sentence of Local Rule 22 requires only that the demand for a jury trial be made in accordance with Fed.R. Civ.P. 38(b). The second sentence of Local Rule 22 indicates that the demand may be made "in or by indorsement on a pleading." The local rule thus reasonably interprets Fed.R.Civ.P. 38(b) to mean that placing the demand in the pleading is equivalent to indorsement on a pleading. The demand is complete under Rule 38(b) when it is made in the pleading. Local Rule 22 further provides that "*[w]hen* a demand is made in or by indorsement on a pleading," then the pleading should also show the words "De-

---

**1.** A demand for a jury trial first appearing in an amended pleading is only effective as a demand for a jury trial of issues raised the first time by the amendment. *See Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1049–50 (9th Cir. 1974). Plaintiff argues that the amended answer did not raise the issue of comparative negligence for the first time, in any event, because plaintiff's complaint alleged freedom from contributory negligence.

mand for Jury Trial" in the title. The local rule does not say that the failure to make this notation in the title invalidates the demand. The failure to make the notation in the title of the pleadings is a minor deviation from the form of the pleading required by the local rules; it does not affect the substance of the demand itself.

The district court relied on *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 674–75 (9th Cir. 1975) in denying the jury trial in this case. The *Rutledge* case involved Local Rule 13 of the Central District of California.[2] This local rule deals with the manner in which the demand itself is to be made. It specifies the way in which an indorsement is to be made on a pleading so as to constitute a demand for trial by jury under Fed.R.Civ.P. 38(b). A divided panel in *Rutledge* held, as an alternate holding, that the failure to indorse the demand on the pleading as required by the local rule resulted in a failure to make a demand in accordance with Fed.R.Civ.P. 38(b).[3] In contrast, Local Rule 22, at issue in this case, does not specify that the demand, itself, is to be made by placing the prescribed words in the title, but rather that *when* the demand is made in accordance with Fed.R. Civ.P. 38(b), then the words are to be placed in the title. The *Rutledge* case thus dealt with a situation in which the demand, itself, had not been made. This case deals with a situation in which the demand was made in accordance with Rule 38(b) as interpreted by the local rule, but the additional requirement of placing a notation in the title was not met.

■ The demand for a jury trial having been properly made under Fed.R.Civ.P. 38(b), the failure to fulfill an additional requirement of a local rule to place a notation to that effect in the title cannot constitute a waiver of a trial by jury. Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, courts should indulge every reasonable presumption against waiver. *See Aetna Insurance Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177 (1937); *Local 783, Allied Industrial Workers v. General Electric Co.*, 471 F.2d 751, 756 (6th Cir.), *cert. denied*, 414 U.S. 822, 94 S.Ct. 120, 38 L.Ed.2d 55 (1973); *Heyman v. Kline*, 456 F.2d 123, 129 (2d Cir. 1972), *cert. denied*, 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972).

■ This case must be remanded for retrial before a jury. The advisory jury verdict may not be substituted. The entire trial took place with the understanding that the jury's verdict would be advisory only. There are frequently significant tactical differences in presenting a case to a court, as opposed to a jury. The parties are entitled to know at the outset of the trial whether the decision will be made by the judge or the jury. *See Hildebrand v. Board of Trustees*, 607 F.2d 705, 710–12 (6th Cir. 1979). Moreover, after a trial by jury, the district judge may order a new trial under Fed.R.Civ.P. 59 on the grounds that the verdict is contrary to the weight of the evidence. *See* 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2806 (1973). It appears the district judge would obviously so rule in this case. In these circumstances, the case must be reversed and remanded for a new trial by jury.

REVERSED and REMANDED.

---

2. Local Rule 13 at issue in *Rutledge* provided:

Any party may demand a jury as provided in Fed.R.Civ.P., Rule 38(b), but such demand, if included in a pleading as referred to in Rule 38(b), shall be set forth at the end thereof and be signed by the party making such demand or his attorney. The caption of the pleading in which the demand is made shall also contain the following: 'Demand for Jury Trial'. The demand may be made in a separate, written, signed document by the party making such demand or his attorney.

511 F.2d at 674 (emphasis deleted).

3. This panel notes serious concern with the alternate holding in the *Rutledge* majority opinion wherein it was stated that a failure to comply with Local Rule 13 constituted a waiver of a jury trial. Whether that holding, as an alternate holding, is binding on future panels, absent en banc consideration, may be open to question. This panel agrees with the special concurring opinion of Judge Goodwin finding no waiver, and does not intend, by citing and distinguishing the majority opinion in *Rutledge*, to indorse it.