**TRADEWINDS, INC., Plaintiff**

v.

**CITIBANK, N.A., NBG PROPERTIES, INC., and IBG PROPERTIES, INC., Defendants\***

Civil No. 80-7

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 31, 1983

---

\* Later decision reported at 19 V.I. 568.

WILLIAM HELLER, ESQ., St. Thomas, V.I., *for plaintiff*

JOSEPH BRUCE WM. ARELLANO, ESQ., Law Offices of ROGER CAMPBELL, St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

In what amounts to a veritable flood of legal memoranda, affidavits and exhibits, the Court is now presented with eleven separate motions in the above captioned action. Several of the motions warrant discussion, the other will be disposed of summarily. See Order entered on February 28, 1983.

A) Motion To Strike Jury Demand

Defendants have moved to strike plaintiff's demand for a jury trial on the basis that the demand failed to comply with Rule 38(b). The motion will be denied.

The complaint filed in this action contains next to the caption, the following wording: "Plaintiff demands a jury trial." Such a phrasing could hardly give better notice to all parties of the request or be more consistent with local practice in this jurisdiction. Nevertheless, defendants maintain that the provision of Rule 38(b), that the jury demand "may be *indorsed* upon" the pleading actually requires that the demand be placed in the body of complaint or in the prayer for relief or below the prayer for relief. Thus it is argued, plaintiff's choice as to the manner and form of jury demand here was insufficient and tantamount to a waiver of a jury trial under the terms of Rule 38(d).

The well established principle with regard to the written placement of the jury demand is as follows:

Although Rule 38(b) provides that "such demand may be indorsed upon a pleading of the party", *no particular form is required and the demand may be incorporated in a pleading.*

155

9 Wright and Miller, Federal Practice and Procedure, § 2318 at 84–85 (1971) (emphasis added). See also, Sofarelli Brothers v. Elgin, 129 F.2d 785, 787 (4th Cir. 1942); Allstate Insurance Co. v. Cross, 2 F.R.D. (D. Pa. 1941).

The decisions on which defendant rely are inapposite. In Pradier v. Elespuru, 641 F.2d 808 (9th Cir. 1981), the jury demand notation was inserted in two places within the body of the complaint, but not placed (as was done in the present case) near the caption of the complaint. Defendant argued that the jury demand had been waived because the complaint failed to comply, not with the requirements of Rule 38 *simpliciter*, but with a local district court rule which set forth the *additional* requirement that the written jury demand be placed in the "title" of the complaint. The Court held that the admitted noncompliance with the local rule as to the placement of the demand, could not "affect the substance of the demand itself." Id. 641 F.2d at 811. Accordingly, the Court held that notwithstanding the location of the written demand, the "demand is complete under Rule 38(b) when it is *made in the pleading.*" Id. at 810. (Emphasis added.)

Rutledge v. Electric Hose and Rubber Company, 511 F.2d 668 (9th Cir. 1975) also involved the effect to be given a local rule of court. Plaintiff had placed the words "jury demand" below the caption of the complaint and also included a demand in the body of the complaint. However, he neglected to place a similar notation at the end of the complaint as required by Local Rule 13 of the District Court for the Central District of California. The trial court held that this failure to comply with the local rule amounted to a waiver within the meaning of Rule 38(d). The Court of Appeals affirmed, holding that while the local rule did not "impose additional basic procedural requirements" upon Federal Rule 38(b), it did properly "refine[] or prescribe[] the form and substance of the indorsement" required by the Rule and that noncompliance with its terms could amount to a waiver. Id. 511 F.2d at 674. The Court in no way suggested that in the absence of such a locally prescribed "refinement" of the Federal Rules, the placement of the demand phrase at or near the caption of the complaint would necessarily violate Rule 38(b).

■■ It is true, as the Rutledge Court noted, that "Rule 38(b) uses the phrase 'indorsed upon a pleading,' but is silent as to the form of the indorsement." Supra, 511 F.2d at 674. However, until a local rule is adopted in this district, which, as in the above-cited cases, governs the precise phrasing and placement of the indorse-

ment, we are compelled to give Rule 38 its most common sense reading—namely that a demand for a jury trial which is placed "in" the pleadings and which otherwise gives ample notice to both opposing counsel and the court is sufficient. To require more would impose a meaningless formality upon those litigants properly exercising their Seventh Amendment rights.

To the extent that defendants seek to strike the jury demand on the ground that the trial (and voir dire) will be unduly complex and lengthy, the motion will be denied.

B) Motion For Summary Judgment on Count Eight

██ On its face, the eighth cause of action set forth in the complaint states a claim for breach of contract. Section 335 Restatement (Second) of Contracts (1981) recites the well established rule that punitive damages are not recoverable for such claims. Accordingly, for reasons similar to those stated in the Memorandum of the Court entered on January 11, 1983, the present motion will be treated as a motion to strike the prayer for punitive damages, and will, in that form, be granted. To the extent that defendants seek summary judgment on the underlying claim for relief embodied in the eighth count of the complaint, the motion will be denied as genuine issues of fact therein remain unresolved.

C) Motion For Summary Judgment on the Twenty-Fifth Cause of Action

█ The twenty-fifth cause of action set forth in the complaint is premised on Citibank's failure to maintain the confidentiality of a certain development report prepared by plaintiff and dated December 19, 1975. To the extent that this claim is premised upon a theory of fraud, misrepresentation, breach of fiduciary duties or tortious interference with contract rights, it is barred by the applicable two-year limitations period set forth in 5 V.I.C. § 31(5)(A).[1] The deposition testimony reveals that the president of the plaintiff corporation discovered the alleged disclosure in January 1976—exactly four years before the present action was commenced.

To the extent that the claim alleges a breach of contract, it is plain that plaintiff can only recover if one or more of the defendants were

---

[1] Although defendants failed to set forth the statute of limitations as an affirmative defense to this cause of action as required by Rule 8(c), such failure does not necessarily constitute a waiver where the defense is asserted in a motion for summary judgment. Quigley v. Hawthorne Lumber Company, 264 F.Supp. 214, 220 (S.D.N.Y. 1967). Accord, Ippolito-Lutz, Inc. v. Harris, 473 F.Supp. 255, 260 (S.D.N.Y. 1979).

actually under a contractual duty to maintain the confidentiality of the December 1975 report. The duty is said by plaintiff to be contained in a cover letter which accompanied the report and which contained the following request:

> . . . we [Tradewinds] request the specific right of approval of its use by any one other than officers and employees of First National City Bank and its subsidiaries.

■■ It is one of the most elementary principles of contract law that the unilateral effort to induce a promise creates no binding obligation on the intended promisor. Instead, the "well established common law rule is that in order for an agreement to constitute an enforceable contract there generally must be a bargained-for exchange—termed 'consideration.'" Hans Lollik Corporation v. Government, 1982 St. T. Supp. 400, 405 (D.V.I. Sept. 22, 1982). The Restatement (Second) of Contracts § 71 (1981) defines consideration as follows:

> (1) To constitute consideration, a performance or a return promise must be bargained for.
> (2) A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise.
> (3) The performance may consist of
> > (a) an act other than a promise, or
> > (b) a forbearance, or
> > (c) the creation, modification, or legal relation.

■ In the present case, no promise or return performance was "bargained for" and hence no consideration was furnished. While the promise to accept the report may have been supported by consideration and thus enforceable, such a promise did not include an obligation of confidentiality. Rather, the plaintiff merely proposed the additional term after the underlying agreement had been fully executed. There was no mutuality of assent as to the proposed term and no return promise or performance contemplated "in exchange" for the promise of confidentiality. If the preparation and delivery of plaintiff's report had been made expressly *conditioned* upon the bank's promise of confidentiality then the requisite assent and consideration would have been furnished. However, the mere proposal that the bank bind itself to confidentiality could not have created an enforceable obligation in the absence of some manifestation of its intention to be so bound. Nor can the silence of the bank be inter-

preted as assent to the proposal as the bank had no "reason to know" that plaintiff might infer assent from its silence or inaction. Restatement, supra, § 19.

Because the requirement of confidentiality was never a part of the bargained-for exchange with respect to plaintiff's delivery of the December 19, 1975, report, or made a condition of the bank's receipt of the report or otherwise supported by a return promise or performance on the part of plaintiff, it does not constitute an enforceable contract. In the absence of some noncontractual duty of confidentiality this cause of action cannot stand. As no genuine factual issues remain as to plaintiff's twenty-fifth cause of action, the motion will be granted.

D) Motion for Summary Judgment On the Second, Twenty-Seventh, Forty-First and Forty-Second (Paragraph 224) Causes of Action

Defendants maintain that they are entitled to judgment on four separate counts which allege a breach of certain contractual provisions pertaining to fees owed to plaintiff. It is argued that because the sums which plaintiff seeks to recover by these counts are in the nature of real estate broker's commissions and because plaintiff was never licensed as a broker in accordance with Title 27 of the Virgin Islands Code, it may not now sue to recover those amounts.

By Counts 27 and 41, plaintiff seeks to recover a 10% "incentive fee" provided for in paragraph 9A (as supplemented by letter amendment) of the June 11, 1975, agreement entered into between I.B.G. and Tradewinds. This provision merely contemplated that plaintiff would be entitled to a percentage fee from I.B.G. upon the sale of certain homes which it had constructed. The clause plainly did not envisage the type of "middleman" arrangement covered by the licensing statute because it did not expressly or impliedly authorize plaintiff to secure purchasers or otherwise solicit and negotiate offers for property on behalf of I.B.G. Thus the brokerage license statute is immaterial to any claim plaintiff might have to the fees described therein. Accordingly, the motions for summary judgment on counts 27 and 41 will be denied.

Counts 2 and 42, paragraph 224, apparently seek to recover fees allegedly due under the terms of the contract entered into between the parties on July 1, 1977. Here too, plaintiff's entitlement to such fees stems from obligations it rendered as a builder-developer. (Obligations which defendants of course agreed to.) The incidental receipt of funds on behalf of the owner of the property is simply not sufficient to convert the builder-developer into a "broker"

within the meaning of Title 27. Thus, the broker licensing statute furnishes no basis on which to grant summary judgment to defendants on the second and forty-second causes of action.

To the extent that defendants seek to strike paragraph 224 of the amended complaint the motion will be granted as the allegations contained therein are redundant within the meaning of Rule 12(f).

E) Motion For Summary Judgment On the Twenty-Second Cause of Action

■■ This separate cause of action apparently seeks redress for a wrongful eviction from a warehouse, the use of which was provided to plaintiff under the terms of paragraph 7 of the August 12, 1976, contract between the parties. To the extent that recovery is sought for breach of that contractual provision, the challenged count is legally insufficient. Firstly, the 1976 contract merely obligated defendant I.B.G. to provide temporary facilities for plaintiff to store building materials—an obligation which was admittedly fulfilled. Secondly, the provision for storage facilities, even if it technically created a tenancy, was to extend only through June 30, 1977—the date on which the entire contract (by its own terms) was to expire. Because the conduct challenged in this count occurred after the expiration of the contract, it could not have constituted a breach.

■■ ■■ To the extent that the twenty-second cause of action can be read as seeking recovery in tort, we are persuaded that it should be dismissed. Rule 9(b) plainly provides that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The "'reference to "circumstances" is to matters such as time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" George v. Newman, 1975 St. T. Supp. 99 (D.V.I. Dec. 12, 1975), quoting, 5 Wright and Miller, Federal Practice and Procedure, § 1297 at 403 (1969). As we have previously noted in this case, naked assertions of "false" and "misleading" "acts"—however egregious their impact is said to be—do not comport with the requirements of Rule 9(b). The twenty-second count fails to set forth even the minimum information required by Rule 9(b) and therefore fails to apprise defendants of the nature of the claim and of the acts or omissions said to constitute the fraud. The failure to apprise is of course not cured by the mere incorporation of allegations previously set forth in one or more of the twenty-one causes of action.

160

 While normally a vague or incomplete allegation of fraud should be remedied by amendment or by an order for a more definite statement, the circumstances presented herein are anything but normal. The amended complaint contains forty-two separate causes of action and runs to over forty pages. Many of its allegations are redundant, most neglect to set forth specific times, places and persons other than by incorporation of previous counts. Where putting defendants to the task of seeking supplementation of grossly deficient allegations of fraud would do little to achieve the purposes of Rule 9(b), an order to dismiss is warranted. There is ample authority for this view. See, Stebbins v. Keystone Insurance Company, 481 F.2d 501, 511 (D.C. Cir. 1973) ("It was within the discretion of the trial judge to dismiss claims of fraud constituting wholly of conclusory assertions without any supporting evidence."); Mooney v. Vitolo, 435 F.2d 838 (2d Cir. 1970); Robison v. Caster, 356 F.2d 924 (7th Cir. 1966); Gaskin v. Stumm Handel GmbH, 390 F.Supp. 361, 367 (S.D.N.Y. 1975); Mercu-Ray Industries, Inc. v. Bristol-Myers Company, 392 F.Supp. 16, 20 (S.D.N.Y. 1974), aff'd mem., 508 F.2d 837 (2d Cir. 1974). Accordingly, the motion of defendants to dismiss the twenty-second cause of action will be granted on the basis that said count fails to meet the particularity requirements of Rule 9(b).