111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
POOL WATER PRODUCTS, a California corporation, Aqua Tri, a
California corporation, Petitioners,
v.
UNITED STATES DISTRICT COURT FOR CENTRAL DISTRICT OF
CALIFORNIA; Respondent.
Olin Corporation, A Virginia corporation; Superior Pool
Products, a Delaware corporation, Real Parties in Interest.
 No. 96-70791.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1997.
Decided April 21, 1997.
 
 Before: SCHROEDER, WIGGINS, LEAVY, Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 Mandamus is a drastic remedy, available only in "exceptional" or "extraordinary" circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). We have identified the following factors (the so-called "Bauman factors") to aid us in determining whether mandamus is appropriate in a given circumstance: (1) whether petitioner has any other means to attain the desired relief; (2) whether petitioner will be damaged or prejudiced in a way not correctable on later appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is a reoccurring error or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems or issues of first impression. Bauman v. United States Dist. Court, 557 F.2d 650, 654-55 (9th Cir.1977). Even where the Bauman factors support mandamus relief, however, we retain discretion to deny the petition. See Kerr, 426 U.S. at 403 ("[I]t is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed.").
 
 
 3
 Before reaching the merits of petitioners' argument for mandamus relief, we note that petitioners' attempts to demand a jury trial repeatedly disregarded either the Federal Rules of Civil Procedure ("Rules") or the Local Rules of the Central District of California ("Local Rules") regarding jury demands. First, petitioners filed a document entitled "demand for jury trial," but failed to serve this document on the defendants, thereby failing to meet one of the central requirements of Rule 38(b). Second, in their first, second, and third amended complaints, petitioners failed to meet the requirements of Local Rule 3.4.10.1 by failing to include a jury demand signed by their attorney at the end of their pleadings. This failure is particularly notable because both the second and third amended complaints were filed and/or lodged well after the parties had begun to dispute whether a jury demand had been properly made. Nevertheless, these amended complaints neither set forth the demand for a jury trial at the end of the pleading nor contained the correct "demand for jury trial" language in the caption.
 
 
 4
 In Rutledge v. Electric Hose & Rubber Co., 511 F.2d 668 (9th Cir.1975), we confronted a party's similar failure to comply with the Central District's form requirements for a jury demand. There, the plaintiff filed a complaint including the caption "jury demanded" and making a formal demand for a jury at the beginning of the complaint. Then-Local Rule 13 specified how to indorse a jury demand upon a pleading under Rule 38(b), requiring a separately-signed demand at the end of the complaint. Because the party failed to meet this requirement, we concluded that the district court correctly ordered a bench trial. Id. at 674-75.
 
 
 5
 In subsequent cases we have viewed this conclusion with some skepticism. In Pradier v. Elespuru, 641 F.2d 808 (9th Cir.1981), for instance, we distinguished Rutledge when we held that a party's failure to place the notation "demand for jury trial" in the caption of its pleading as required by a local rule did not result in waiver. We noted that unlike the local rule in Rutledge, the requirement of special language in the caption of the complaint was additional requirement beyond that required by Rule 38(b). Id. at 811. We stated that "courts should indulge every reasonable presumption against waiver [of the right to a jury trial]." Id.
 
 
 6
 Although recently-enacted Fed.R.Civ.P. 83(a)(2) supports petitioners' argument that the district court's order was erroneous, neither they nor the defendants ever brought this provision to the district court's attention despite the fact that the Supreme Court's order enacting the provision was published eight months before the defendants moved for an order striking petitioners' jury demand. Accordingly, the district court never considered whether it was "just and practicable" to apply this newly-enacted rule to their efforts to request a jury trial. See United States Supreme Court Order Dated April 27, 1995.
 
 
 7
 Turning to the Bauman factors, we cannot conclude that they support mandamus relief. At worst, petitioners face a trial before the court rather than a jury. They may choose to raise their jury demand arguments on appeal. Moreover, we are not inclined to conclude that the district court clearly erred. Although the district court failed to apply Rule 83(a)(2), the parties bear at least part of the blame for this failure, as they failed to bring this recently enacted provision to the attention of the district court. Finally, we cannot conclude that the district court's order is a reoccurring error or raises new and important problems. As a result, we cannot conclude that the drastic remedy of mandamus is warranted. Accordingly, petitioners' petition for a writ of mandamus is DENIED.
 
 
 8
 SO ORDERED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3