**NORMAN HENRY MARTIN, Appellant/Defendant**

**v.**

**ALVINA M. MARTIN, Appellee/Plaintiff**

S. Ct. Civ. No. 2007-0117

Supreme Court of the Virgin Islands

September 15, 2010

BEVERLY A. EDNEY, ESQ., Law Offices of Beverly A. Edney, Rincon, Puerto Rico, *Attorney for Appellant.*

ESZART A. WYNTER, SR., Esq., Law Offices of Eszart A. Wynter, Sr., P.C., St. Croix, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; SWAN, *Associate Justice*; and MOORE, *Designated Justice.*[1]

## OPINION OF THE COURT

(September 15, 2010)

PER CURIAM. Appellant Norman Henry Martin (hereafter "Norman") challenges three Superior Court orders entered on October 23, 2002, September 7, 2007, and September 28, 2007. Specifically, Norman argues that the Superior Court erred when it: (1) granted partial summary judgment in favor of Appellee Alvina M. Martin (hereafter "Alvina"); (2) denied Norman's motion for relief from judgment of the order granting partial summary judgment; (3) granted Alvina's motion for partition; and (4) failed to grant Norman relief under an unjust enrichment theory. In addition, Alvina argues that Norman's appeal from the October 23, 2002

---

[1] Associate Justice Maria M. Cabret has been recused from this matter. Thomas K. Moore, a retired judge of the District Court, sits in her place by designation pursuant to 4 V.I.C. § 24(a).

Order granting partial summary judgment is untimely. For the reasons that follow, this Court reverses the October 23, 2002 Order granting partial summary judgment, vacates the September 6, 2007 Order denying Norman's motion for relief as moot, and vacates in part and affirms in part the September 28, 2007 Order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Alvina and Norman were married on July 3, 1976. By quitclaim deed recorded on January 11, 1988, Norman's father deeded several properties in St. Croix to Norman. Thereafter, Norman deeded the properties to himself and Alvina as tenants by the entireties by quitclaim deed recorded on November 15, 1988. In March 1997, the parties were granted a divorce, which automatically transformed their ownership of the properties into a tenancy in common. On September 3, 1999, Alvina filed suit against Norman in the Superior Court, seeking, *inter alia*, damages for conversion of the rent generated by the properties, damages for waste committed on the properties by Norman, and a constructive trust on the rent proceeds.

According to Norman — who reads at a fourth grade level — Alvina always prepared all important documents for him because he cannot read or comprehend such documents. Consequently, Norman states that he asked Alvina to draft a will that would ensure that his children received an interest in his properties when he dies. He claims that he was misled into believing that the document he signed in November 1988, which ultimately deeded a share of the properties to Alvina, was the will he had asked Alvina to prepare. Accordingly, he answered Alvina's complaint and counterclaimed on March 28, 2001, alleging, *inter alia*, fraudulent inducement and misrepresentation and seeking damages, partition, and title quieted in his name.

A receiver was appointed on October 23, 2001 and, on September 23, 2002, Alvina moved for partial summary judgment on Norman's fraudulent inducement and misrepresentation counterclaims. In support of her motion, Alvina argued that Norman had failed to specifically plead these counterclaims and that the statute of limitations had expired on them. In particular, she stated that because fraud is a tort, the two-year statute of limitations on those claims would have run by November 1, 1990 — two years after the date on which Norman signed the quitclaim deed — and that Norman thus raised those claims over ten years too late.

Norman's counsel did not respond to the motion despite being granted several extensions of time.[2]

After realizing that the Superior Court judge presiding over the matter had served as counsel for both parties regarding the properties at issue, Alvina moved for the judge to recuse himself on October 17, 2002. A week later, Alvina moved to deem the motion for partial summary judgment conceded. That same day, Norman's counsel filed a response to the motion to deem conceded in which he stated that "it was Counsel's choice not to respond to the Motion For Partial Summary Judgment." (J.A. at 331.) On October 23, 2002, while the motion for recusal remained pending, the Superior Court judge granted partial summary judgment in Alvina's favor. The order noted that Norman had "failed to oppose said motion despite having been granted an extension of time." (J.A. at 19.) The judge then granted the motion and dismissed the fraudulent inducement and misrepresentation claims summarily stating that he had "considered [Alvina's] motion and the statement of material facts not in dispute submitted therewith and [was] satisfied with the premises contained therein . . . ." *Id.* Three and a half weeks later, on November 18, 2002, the judge recused himself from the case.

On February 5, 2003, Norman, now represented by a new attorney, filed an opposition to the motion for partial summary judgment and, on February 11, 2003, filed a corrected opposition.[3] In his opposition, Norman argued that, while he agreed that the statute of limitations is two years, his counterclaims were not time-barred because the discovery rule applies to toll the start of the limitations period until Norman knew or should have known that Alvina fraudulently induced him into signing the quitclaim deed. Specifically, Norman alleged that he had no reason to know of Alvina's fraud until Alvina filed suit against him in September 1999 alleging various claims based upon her co-ownership of the properties, and, since he counterclaimed in March 2001, his counterclaims were not time barred. Alvina moved to strike the

---

[2] Apparently disagreements between Norman and his attorney contributed to counsel's failure to file an opposition to the motion for partial summary judgment. Norman's counsel twice moved to withdraw, but the court denied the motions. Eventually, Norman and his attorney stipulated for the substitution of new counsel.

[3] Aftewards, Norman's new attorney explained that she was unaware that the judge had already ruled on the motion because a copy of the judgment was not in the file she received from Norman's prior counsel.

oppositions because the judge had already ruled upon the motion for partial summary judgment.

On April 28, 2003, Norman moved for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) and (6), arguing, respectively, that his prior counsel's failure to file an opposition was excusable neglect and that the previous judge's order granting partial summary judgment should be vacated because statutory law requires a judge to rule upon a motion for recusal before issuing any further orders in the case. The Superior Court ruled upon the motion for relief over four years later. By order dated September 6, 2007, the Superior Court denied Norman's motion, holding that: (1) Norman's prior counsel's failure to oppose the motion for partial summary judgment does not warrant relief under Rule 60(b)(1); (2) the Superior Court judge's failure to recuse himself before ruling on the motion for partial summary judgment is not an extraordinary circumstance warranting relief under Rule 60(b)(6); and (3) Norman has not demonstrated that he has a meritorious defense to the original motion for partial summary judgment, i.e. that the motion would have been decided differently if he had filed an opposition or if the judge had recused himself earlier.

After several hearings, the Superior Court ruled on all remaining claims and counterclaims in a September 28, 2007 Order, which dismissed Alvina's accounting claim and request for a constructive trust as moot, dismissed her waste claim, and granted her partition claim. Additionally, the September 28, 2007 Order granted Norman's counterclaim for compensatory damages, denied his request for treble and punitive damages, dismissed his quiet title and equitable lien claims, dismissed his partition claim per his request, and dismissed his claim for accounting as moot.

Norman filed his notice of appeal from the September 28, 2007 Order on October 26, 2007. After Alvina filed a motion to dismiss the appeal in this Court on several grounds, Norman filed an amended notice of appeal in order to clarify that he is also appealing from the October 23, 2002 Order granting partial summary judgment and the September 6, 2007 Order denying his motion for relief from judgment.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE ANN. tit. 4 § 32(a). Because the Superior Court's September 28, 2007 Order constituted a final judgment that disposed of all issues in the underlying matter, and Norman's original notice of appeal was filed on October 26, 2007, his appeal from that order is timely. *See* V.I.S.Ct.R. 5(a)(1) ("[T]he notice of appeal required by Rule 4 shall be filed with the Clerk of the Superior Court within thirty days after the date of entry of the judgment or order appealed from . . . .").

The timeliness of appeal from the prior two trial court orders, however, requires additional analysis. In her brief, Alvina argues that Norman's appeal of the October 23, 2002 Order granting partial summary judgment in her favor is not timely. Specifically, she contends that Norman was required to either appeal from the partial summary judgment order within thirty days or file a timely motion for reconsideration or motion for relief from judgment in order to toll the time to appeal. In his reply brief, Norman counters that he could not appeal from the order because an order granting partial summary judgment is not among the interlocutory orders that could have been appealed as of right. Thus, he maintains that he could appeal from the October 23, 2002 Order only after the Superior Court entered its final order in the case on September 28, 2007.

At the time the Superior Court entered its October 23, 2002 Order, the Appellate Division of the District Court possessed appellate jurisdiction over all appeals of orders entered by the Superior Court. *See Hypolite v. People*, 51 V.I. 97, 101 (V.I. 2009) ("The Supreme Court officially assumed appellate jurisdiction over appeals from the Superior Court on January 29, 2007."). Although the former section 33 of title 4 of the Virgin Islands Code provided that the Appellate Division "has appellate jurisdiction to review the judgments and orders of the [Superior Court] in all civil cases," the Appellate Division construed this provision narrowly "to match the federal system" so that, like the United States Court of Appeals for the Third Circuit, it would, in civil cases, only exercise "[its] appellate jurisdiction to appeals from final orders" and to interlocutory decisions "granting, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions" or that have

been certified by the trial judge for an immediate appeal. *Gov't v. deJongh*, 28 V.I. 153, 158-59 (D.V.I. App. Div. 1993). *See also* FED. R. CIV. P. 56(d) advisory committee's note ("Rule 54(a) defines 'judgment' as including a decree and 'any order from which an appeal lies.' Subdivision (d) of Rule 56 indicates clearly, however, that a partial summary 'judgment' is not a final judgment, and, therefore, that it is not appealable, unless in the particular case some statute allows an appeal from the interlocutory order involved."). Thus, we agree that Norman could not appeal from the Superior Court's October 23, 2002 Order until a final judgment was rendered in the case on September 28, 2007.[4]

Our review of the Superior Court's application of law is plenary, but findings of facts are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). In *Williams v. United Corp.*, we elaborated on the standard for reviewing trial court orders granting summary judgment:

> This Court exercises plenary review of a Superior Court's grant of summary judgment. *Maduro v. American Airlines, Inc.*, Civ. No. 2007/ 029, 2008 V.I. Supreme LEXIS 24, *7 (V.I. February 28, 2008). On review, we apply the same test that the lower court should have utilized. *Id.* (citing *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32, 43 V.I. 361 (3d Cir. 2001)).

> Because summary judgment is a drastic remedy, *see Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981), it should be granted only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The United State Supreme Court, in *Celotex Corp. v. Catrett*, created a burden-shifting paradigm wherein the moving party's initial burden is met by merely "pointing out to the . . . court that

---

[4] We note that although Alvina argued the untimeliness of Norman's appeal of the October 23, 2002 Order, she inexplicably did not make a similar argument with respect to the September 6, 2007 Order, which denied Norman's motion for relief despite the fact that the notice of appeal was filed more than thirty days after that order was entered. However, for the same reasons discussed above with respect to the October 23, 2002 Order, Norman was required to wait until the Superior Court entered a final order in the case before appealing from the order denying the motion for relief.

there is an absence of evidence to support the non-moving party's case. *See* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). The non-moving party then has the burden of "set[ting] out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e). As to materiality, only those facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

When reviewing the record, this Court must view the inferences to be drawn from the underlying facts in the light most favorable to the non-moving party, and we must take the non-moving party's conflicting allegations as true if "supported by proper proofs." *See Seales v. Devine*, Civ. No. 2007-040, 2008 V.I. Supreme LEXIS 23, *4 (V.I. March 3, 2008); *see also Haugh v. Allstate Ins. Co.*, 322 F.3d 227, 230 (3d Cir. 2003). The non-moving party may not rest upon mere allegations but must present actual evidence showing a genuine issue for trial. *See Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. Such evidence may be direct or circumstantial, but "the mere possibility that something occurred in a particular way is not enough, as a matter of law, for a jury to find it probably happened that way." *Saldana*, 260 F.3d at 232, 234. Therefore, to survive summary judgment, the nonmoving party's evidence must "amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Id.* at 232 (internal quotations omitted).

Importantly, in our analysis, this Court may not itself weigh the evidence and determine the truth; rather, we decide only whether there is a genuine issue for trial such that a reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 255, 106 S.Ct. at 2514.

50 V.I. 191, 194 (V.I. 2008).

Lastly, our standard of review of the trial court's denial of a Federal Rule of Civil Procedure 60(b) motion for relief is only for abuse of discretion. *Lucan Corp., Inc. v. Robert L. Merwin & Co.*, S. Ct. Civ. No. 2007-0015, 2008 V.I. Supreme LEXIS 19, *5 (V.I. Jan. 7, 2008); *Lorenzo v. Griffith*, 12 F.3d 23, 26, 29 V.I. 380 (3d Cir. 1993).

## B. The Superior Court Erred When It Granted Alvina Partial Summary Judgment

Norman, as his first issue on appeal, contends that the Superior Court should not have granted Alvina's motion for partial summary judgment, in which it dismissed Norman's fraudulent inducement and misrepresentation counterclaims. Specifically, Norman argues that summary judgment was not appropriate in this case because there is a genuine issue of material fact with respect to the statute of limitations.[5] Alvina, however, primarily argues that Norman never filed an opposition to her motion for partial summary judgment, and thus never raised any of these issues with the Superior Court.

### 1. Norman's Failure to File an Opposition Does Not Support Partial Summary Judgment

▬ As a threshold matter, we cannot agree with Alvina's implicit argument that Norman's failure to file a timely opposition to her motion for partial summary judgment precludes Norman from challenging on appeal the Superior Court's grant of partial summary judgment. As elaborated above, Norman, as the non-moving party, possessed the burden of setting out specific facts showing a genuine issue for trial. *See* FED. R. CIV. P. 56(e). Importantly, however,

> [s]ummary judgment will not be entered automatically if the non-moving party fails to file an opposition to the motion. Summary judg-

---

[5] On appeal, Norman raises two additional issues with respect to the grant of partial summary judgment. First, Norman contends that summary judgment is not appropriate because "[a] material issue of genuine fact exists as to whether [he] intended to convey properties to [Alvina] or whether misrepresentation and fraudulent inducement on the part of [Alvina] resulted in the conveyance of properties to her." (Appellant's Br. at 9.) However, this Court declines to consider Norman's argument because Alvina only sought partial summary judgment on the grounds that the statute of limitations barred Norman's counterclaims, and not on the basis of the lack of any genuine issue of material fact as to whether fraud or misrepresentation occurred.

In addition, Norman argues that the Superior Court judge who granted partial summary judgment to Alvina should not have ruled on Alvina's motion prior to ruling on the pending motion for recusal. However, since this Court's review of the Superior Court's October 23, 2002 Order is *de novo* with no deference given to any of the Superior Court's findings or conclusions, it is unnecessary to determine whether the judge erred in ruling on the partial summary judgment motion before addressing the recusal motion. *See Hodge v. McGowan*, 50 V.I. 296, 309 (V.I. 2008).

ment may be granted *only if it is appropriate to do so*. Consequently, although it is assuredly a dangerous practice to fail to oppose a summary judgment motion, *even uncontested motions must be examined carefully by the [trial] court to determine whether no genuine issue of material fact remains and whether judgment is appropriate as a matter of law*. The trial court may not accept as true the moving party's itemization of undisputed facts; instead, the court must satisfy itself that the evidence in the summary judgment record supports this relief. This does not necessarily require the court to review all evidentiary materials on file, but it must at least review those materials supporting the motion itself. Moreover, the [trial] court's order should recount that it addressed the underlying motion on its merits.

STEVEN BAICKER-MCKEE ET AL., 2009 FEDERAL CIVIL RULES HANDBOOK 1093 (Thompson-West 2008). (Emphases added). *See also* FED. R. CIV. P. 56(e) ("If the opposing party does not so respond, summary judgment should, *if appropriate*, be entered against that party." (emphasis added)); *Anchorage Ass'n v. V.I. Bd. of Tax Review*, 922 F.2d 168 (3d Cir. 1992) (holding that when non-movant fails to oppose motion for summary judgment trial court may assume truth of facts set forth in motion but may not deem motion conceded, because court must still inquire whether facts therein entitle movant to relief as a matter of law). Thus, Norman's failure to oppose Alvina's motion cannot, in and of itself, justify the granting of the motion.

Here, it is not clear from the Superior Court's October 23, 2002 Order — which did not elaborate on the specific rationale for granting the motion, but instead merely stated that the judge was satisfied with the premises stated in Alvina's motion and accompanying "Statement of Material Facts Not in Dispute" — whether the Superior Court independently determined that partial summary judgment was warranted, or merely granted Alvina's motion because Norman did not file an opposition.[6] Nevertheless, because this Court reviews orders granting summary judgment *de novo*, this Court shall perform the same test the

---

[6] We note that Federal Rule of Civil Procedure 56(d)(1) provides that:

> If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then *issue an order specifying what facts* — including items of

Superior Court should have performed below, and look to the pleadings that were submitted prior to the bringing of Alvina's motion to determine whether they raise any genuine issue of material fact as to the statute of limitations on Norman's counterclaims for fraudulent inducement and misrepresentation.

## 2. The Discovery Rule Applies to the Statute of Limitations for Fraud

■ The parties do not dispute, and this Court agrees, that title 5, section 31 of the Virgin Islands Code governs the applicable statute of limitations in this case:

> Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:
>
> . . . .
>
> (5) Two years—
>
>> (A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code.

5 V.I.C. § 31(5)(A). *See Island Steel Sys., Inc. v. Waters*, 296 F.3d 200, 204, 44 V.I. 389 (3d Cir. 2002) (stating that an action for fraud is subject to a two-year statute of limitations); *Tradewinds, Inc. v. Citibank, N.A.*, 20 V.I. 152, 157 (D.V.I. 1983) (holding that two-year statute of limitations applies to fraud and misrepresentation claims). The parties dispute, however, the date this two-year limitations period begins to run: while Alvina summarily states that the limitations period starts after the occurrence of the alleged fraud, Norman contends that it begins to run when he knew or should have known of the alleged fraud.

---

damages or other relief — *are not genuinely at issue*. The facts so specified must be treated as established in the action.

(Emphasis added).

■ Alvina's claim that the statute of limitations period only begins to run from the date of the actual fraud, rather than the date of discovery, lacks merit. Significantly, the Virgin Islands Code expressly provides that "[i]n an action upon . . . fraud . . . , the limitation shall be deemed to commence only from . . . the discovery of the fraud . . . ." 5 V.I.C. § 32(c). *See also Tradewinds, Inc.*, 20 V.I. at 157 ("[T]he statute of limitations for fraud begins running on the date plaintiffs discovered the fraud."). Accordingly, the two-year period within which Norman was required to bring his claims for fraud and misrepresentation did not commence until he discovered or should have discovered the alleged fraud.

### 3. Alvina Failed to Meet Her Initial Burden For a Grant of Summary Judgment

As this Court has previously explained, the party moving for summary judgment possesses the "initial burden of identifying evidence indicating 'that there is an absence of any issue of material fact.' " *Pickard-Samuel v. Gov't*, S.Ct. Civ. No. 2008-0031, 2010 V.I. Supreme LEXIS 19, *7 (V.I. June 4, 2010) (quoting *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993)). "Consequently, '[i]f a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial.' " *Id.* (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000)).

■ Here, we cannot find that Alvina met her initial burden for partial summary judgment. In her motion for partial summary judgment, Alvina argued that Norman's counterclaims were "definitely time-barred" because "[o]ver twelve (12) years elapsed between the time that the deed was executed and [Norman] filed his counterclaim." (J.A. at 15.) However, at no point in her motion or her accompanying "Statement of Material Facts Not in Dispute" did Alvina even allege that Norman knew or should have known of her alleged fraudulent inducement, let alone point to evidence in the record that Norman knew or should have known about any alleged fraud or misrepresentation more than two years prior to the date he filed his counterclaims. Therefore, because Alvina "failed to carry [her] initial burden of production," Norman "had no obligation to produce anything in opposition to [Alvina]'s motion for summary judgment." *Pickard-Samuel*, 2010 V.I. Supreme LEXIS 19, at *7 (internal quotation marks omitted). Accordingly, this Court reverses the Superior

391

Court's October 23, 2002 Order and, consequently, vacates the Superior Court's September 6, 2007 Order denying Norman's motion for relief from the October 23, 2002 Order as moot.

## C. The Superior Court Erred When it Granted Alvina's Request for Partition

Norman further contends that the Superior Court erred when it granted Alvina's request for partition in its September 28, 2007 Order because Alvina failed to prove title to the properties as required by 28 V.I.C. § 457 and the Superior Court made no findings as to the title rights of the parties. Alvina, however, argues that it was Norman, and not her, who sought partition, and that 28 V.I.C. § 457 only requires her to prove title when Norman has failed to answer or where sale of property is necessary, neither circumstance — according to her — being an issue in this case.

This Court, as a preliminary matter, notes that the record clearly indicates that Alvina orally moved to amend the pleadings to include a claim for partition. (J.A. at 128.) Moreover, although Norman had previously made a claim for partition, the record indicates that he orally dismissed this claim prior to the Superior Court's decision. (J.A. at 127.) Accordingly, this Court rejects Alvina's argument that Norman invited the Superior Court to partition the properties.

Section 457 of the title 28 of the Virgin Islands Code provides, in its entirety, that

> [t]he rights of the several parties, plaintiffs as well as defendants, may be put in issue, tried, and determined in a partition action. Where a defendant fails to answer, or where a sale of the property is necessary, the title shall be ascertained by proof to the satisfaction of the court before the judgment for partition or sale is given.

Both parties seize upon the second sentence for their respective positions on this issue: while Norman argues that the statute clearly says that the court must ascertain by proof which party has title before partition may be ordered, Alvina contends that the first clause of the second sentence is the operative clause, and thus the Superior Court need only determine title when the defendant fails to answer or where sale of the property is necessary.

■ Inexplicably, both parties ignore the first sentence of section 457, which allows for a party to raise the issue of the title rights of each party

to the property in a partition action. The second sentence would become relevant should the defendant not answer the other party's claim for partition or should a sale be necessary; the importance of that sentence is that the Superior Court may not order partition without first determining whether the claimant has title to the property. More crucially, 28 V.I.C. § 458 — a statute not cited by either party — states, in pertinent part, that *"upon the requisite proofs being made, the court shall adjudge a partition according to the respective rights of the parties,* as ascertained by the court . . . ."* (Emphases added). Accordingly, the Virgin Islands Code clearly mandates that the parties prove their respective rights to the property and that the Superior Court may only order partition according to those rights.

Here, Norman clearly raised a question as to Alvina's right to title of the properties based on the ground that Alvina allegedly fraudulently induced him into signing the quitclaim deed. Although it is unclear why the Superior Court made no factual findings on this issue, the hearing transcript implies that the Superior Court did not make any findings as to title because partial summary judgment had been previously granted with respect to Norman's fraudulent inducement and misrepresentation counterclaims. Notably, when Norman attempted to testify about his poor reading ability and about how Alvina had allegedly prepared all documents for him, the Superior Court stated that "[h]ad the fraud and extortion claim survived, frankly, I might [have] allowed more of this testimony, but it did not survive." (J.A. at 54.) Thus, it appears that the trial judge erroneously presumed that Alvina possessed valid title in the properties solely because the fraud counterclaims had been dismissed in the October 23, 2002 Order. Therefore, even if the Superior Court had not erred when it dismissed Norman's fraud and misrepresentation counterclaims, it erred when it ordered partition without first ascertaining Norman and Alvina's respective rights to the properties. Accordingly, this Court vacates the portion of the Superior Court's September 28, 2007 Order granting Alvina's claim for partition, and remands the matter to the Superior Court so that it may make the appropriate findings.

### D. The Superior Court Did Not Err When it Denied Norman's Request for Relief Under an Unjust Enrichment Theory

Finally, Norman contends that the Superior Court erred when it denied his request for recovery under an unjust enrichment theory. To

prevail on a claim for unjust enrichment, Norman possessed the burden of proving (1) that Alvina was enriched, (2) that such enrichment was at Norman's expense, and (3) that the circumstances were such that in equity and good conscience Alvina should return the money or property to Norman. *See Gov't Guarantee Fund of Republican of Finland v. Hyatt Corp.*, 955 F.Supp. 441, 460, 35 V.I. 356 (D.V.I. 1997).

As a preliminary matter, this Court notes that it is not clear from the record whether Norman ever properly asserted a claim for unjust enrichment in the Superior Court, and it does not appear from the record that the Superior Court ever expressly stated whether it dismissed Norman's unjust enrichment claim on the merits or because it had not been properly pled. Notably, Norman's counterclaim does not specifically state a claim for unjust enrichment, but only contains the following paragraphs that, if liberally construed, could be interpreted as raising such a claim:

> 27. As a result of [Norman's] farming operations, the properties benefited from a farm exemption.
>
> 28. [Norman] never received any compensation from [Alvina] in connection with his performing farm operations nor in connection with his performing maintenance on the rental properties.

(J.A. at 8-9.) However, because the Superior Court allowed Norman to present testimony in support of such a claim, this Court shall assume, without deciding, that the Superior Court considered Norman's unjust enrichment claim on the merits notwithstanding any deficiencies in the form of his pleadings. *See Myers v. Derr*, 50 V.I. 282, 293 (V.I. 2008) (explaining that Federal Rule of Civil Procedure 54(c) requires liberal construction of pleadings and for the trial court to "grant all appropriate relief" based on evidence presented at trial).

■ Here, we cannot conclude that Norman satisfied the elements of an unjust enrichment claim. As Alvina correctly notes in her appellate brief, the record indicates that Norman made no attempt to prove the elements of an unjust enrichment claim at trial, but used his unjust enrichment cause of action as a vehicle to re-litigate the fraud and misrepresentation claims that had been previously dismissed, albeit in error. For instance, the following colloquy took place at trial:

> MS. EDNEY: Now Mr. Martin, did you know — in 1998 after the death of your father, did you sign a document?

[NORMAN]: Yes.

Q: And can you tell the Court what the document was?

A: I thought it was a will.

Q: Would you explain why you had the document drawn up?

A: I had just lost my father.

MR. WYNTER: Your Honor, I object to the relevance because it goes back to the fraud that which already been ruled upon.

THE COURT: Attorney Edney, response?

MS. EDNEY: Your Honor, again our claim is not fraud, it is unjust enrichment and it is relevant to his claim that, in fact, he had no knowledge that he was signing a deed.

THE COURT: How is his lack of knowledge to him signing a deed relevant to the issue of unjust enrichment?

(J.A. at 95-96.) Additionally, the following dialogue also makes it clear that Norman's unjust enrichment claim related not to any work performed by Norman that benefited Alvina but, rather, to the fact that he quitclaimed the property to her because of her alleged fraudulent inducement:

MS. EDNEY: Did . . . Attorney Jacobs read the deed to Mr. Martin.

[ALVINA]: He discussed everything and I'm sure he read it. I can't remember all the stuff.

WYNTER: Your Honor, I object. I think that this matter has been ruled upon and she's going into an area that has already been addressed by the Court.

THE COURT: Attorney Edney, I believe that claim has been dismissed.

EDNEY: Your Honor, we are asking for unjust enrichment. Unjust enrichment is a separate case from fraudulent conveyance, and it does not require wrong doing on the part of plaintiff in order for a finding of unjust enrichment to be granted by the Court.

THE COURT: Your client — he was unjustly enriched?

EDNEY: That the plaintiff was unjustly enriched.

THE COURT: She was unjustly enriched by him giving her half interest in the property?

EDNEY: Yes, Your Honor, because of the confidential relationship that existed between the parties, because of the fact that [Norman]

395

cannot read, and that he was not provided any independent source, attorney or someone else to read the document, and because he claimed at this point that he did not know that he was signing a deed.

(J.A. at 256-58.) Significantly, Norman has cited to no case law — and this Court can find none — that stands for the proposition that a party can seek relief under a theory of unjust enrichment for property he has quitclaimed to another under fraudulent circumstances.[7] Accordingly, because Norman failed to offer any evidence at trial indicating that he conferred a benefit on Alvina, which she accepted, under circumstances that would make it unjust for her to retain that benefit, we conclude that the Superior Court did not err when it dismissed his claim for unjust enrichment. Therefore, this Court affirms the Superior Court's September 28, 2007 Order as it pertains to the denial of Norman's unjust enrichment claim.

## III. CONCLUSION

Since Norman could not have sought an immediate interlocutory appeal of the Superior Court's October 23, 2002 Order, Norman's notice of appeal is timely because it was filed within thirty days of the Superior Court's September 28, 2007 Order, which constituted its final order in the case. With respect to the merits, this Court holds that the Superior Court erroneously granted Alvina's motion for partial summary judgment because she did not meet her initial burden of showing no genuine issue of material fact as to the date the statute of limitations began to run. Likewise, we find that the Superior Court erred when it granted partition because it had failed to determine the title rights of the parties as

---

[7] In his appellate brief, Norman cites to *Francois v. Francois*, 16 V.I. 130, 599 F.2d 1286 (3d Cir. 1979) for the proposition that "[i]n this jurisdiction constructive trust may be imposed when a party to a confidential relationship abuses that relation to secure personal advantage," and thus "[e]vidence that [Alvina] knew that [Norman] did not fully understand what document he was signing and that [Alvina] knew [Norman] was signing a document unknowingly transferring property to her but failed to say anything about it supported his claim that his wife breached her fiduciary relationship with respect to the transfer of title to property." (Appellant's Br. at 17-18.) However, in *Francois* the United States Court of Appeals for the Third Circuit only held that when property is transferred from the servient partner to the dominant partner, the transferee must disprove the charge of undue influence or a constructive trust will be imposed on the property to *prevent* unjust enrichment. Consequently, *Francois* is inapposite to this case since Norman alleged that unjust enrichment had already occurred and, more significantly, because he did not allege undue influence.

mandated by statute. Finally, we conclude that the Superior Court did not err when it dismissed Norman's unjust enrichment claim because Norman failed to offer any evidence to meet his burden of proof. Accordingly, this Court reverses the Superior Court's October 23, 2002 Order granting partial summary judgment to Alvina, vacates its September 6, 2007 Order denying Norman's motion for relief from judgment as moot, vacates the September 28, 2007 Order as it relates to Alvina's claim for partition, and affirms the September 28, 2007 Order in all other respects.