

**FILED**

December 07, 2020
SX-2010-CV-00262
TAMARA CHARLES
CLERK OF THE COURT

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| DAISY ROSA,<br><br>                Plaintiff,<br><br>v.<br><br>KENNETH ANDREWS, LEANDER FRANCIS, and COMPLETE BUSINESS SYSTEMS, INC.,<br><br>                Defendants. | **CIVIL CASE NO. SX-10-CV-262**<br><br>ACTION FOR DAMAGES<br><br>(JURY)<br><br>**2020 VI Super 100U** |

## MEMORANDUM OPINION GRANTING
## DEFENDANT ANDREWS' MOTION FOR SUMMARY JUDGMENT

¶ 1     Defendant Kenneth Andrews filed his Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(c) of the Virgin Islands Rules of Civil Procedure on April 26, 2017, opposed by Plaintiff's Opposition, filed May 16, 2017.[1] Because Andrews' Motion attached documents that presented matters outside the pleadings, by Order entered June 7, 2017, in accordance with V.I. R. Civ. P. 12(d), the Court construed and converted the Motion to a motion for summary judgment pursuant to Rule 56.

¶ 2     The Motion came on for hearing February 8, 2018. By Order entered February 19, 2018, each party was presented the opportunity to submit supplemental briefing on the Motion. Neither party filed any supplemental brief. Defendant Andrews asserts that Plaintiff's case should be dismissed because she filed her original Complaint outside the applicable two-year statute of limitations for fraud. Because the Court finds that Plaintiff's claim against Defendant Andrews is time barred under Title 5, Section 31(5)(A) of the Virgin Islands Code, the Motion will be granted by Order entered herewith and Plaintiff's First Amended Complaint against Andrews will be dismissed with prejudice.

---

[1] Defendant Andrews' Motion fails to state the rule upon which relief is sought. Because a motion seeking relief from a pleading for failure to state a claim upon which relief can be granted under V.I. R. Civ. P. 12(b)(6) must be made before the movant files his responsive pleading, and Andrews filed his *pro se* Answer to First Amended Complaint on June 8, 2012, the Motion is accepted as seeking judgment on the pleadings pursuant to V.I. R. Civ. P. 12(c).

## BACKGROUND

¶ 3    Plaintiff Daisy Rosa filed her Complaint June 9, 2010, and subsequently her First Amended Complaint deemed filed May 18, 2012, asserting that Defendant Andrews, with the assistance of Defendants Leander Francis and Complete Business Systems, Inc., had fraudulently signed Plaintiff's name and falsely inserted an expiration date to a lease for property that Plaintiff rented from Andrews.

¶ 4    In his *pro se* Answer to the original Complaint, filed June 30, 2010, Defendant Andrews affirmatively asserted that Plaintiff's claims are barred by the statute of limitations, a defense Andrews reiterated in his June 8, 2012 *pro se* Answer to First Amended Complaint. Defendant Andrews filed his Motion, attaching as an exhibit a hand-written document, dated July 20, 2007, signed by Daisy Rosa, that details Defendant Andrews' alleged fraudulent behavior and threatens legal action.

## LEGAL STANDARD

¶ 5    If the court considers matters outside the pleadings, then a motion for judgment on the pleadings must be treated as one for summary judgment and the parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. *See* V.I. R. Civ. P. 12(d); *Hendricks v. Pinnacle Services, LLC*, 72 V.I. 630, 634 (V.I. Super. 2020).

¶ 6    In evaluating a motion for summary judgment, the Court must determine whether there exists a genuine dispute of material fact; one that would impact the outcome of the case under applicable law. *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 379-80 (V.I. 2014) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)). "Summary judgment is a drastic remedy [and] should be granted only when the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact," and that judgment is appropriate as a matter of law. *Id.* at 379-80. Such a dispute is genuine if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party on that factual issue. *Id.* at 391-92.

¶ 7    Reviewing Defendant's Motion, the Court does not weigh the credibility of the evidence offered. Instead, all inferences from the evidence are drawn in favor of the nonmoving party, and any conflicting allegations, if properly supported by the record, are resolved in favor of the

nonmovant. *See Perez v. Ritz-Carlton (V.I.), Inc.*, 59 V.I. 522, 527 (V.I. 2013) (citing *Williams*, 50 V.I. at 194-95). The moving party bears the burden of demonstrating the absence of any genuine issue of material fact. *Martin v. Martin*, 54 V.I. 379, 389 (V.I. 2010). Only if the moving party discharges this initial obligation does the burden shift to the nonmoving party to introduce some evidence showing the existence of a genuine issue of material fact. *See Perez*, 59 V.I. at 527-28. At this point, "the nonmoving party may not rest on its allegations alone, but must present actual evidence, amounting to more than a scintilla, showing a genuine issue for trial." *Id.* at 527.

## DISCUSSION

¶ 8    Defendant Andrews asserts that Plaintiff's claim is barred by the two-year statute of limitations pursuant to 5 V.I.C. § 31(5)(A). Plaintiff contends that Defendant Andrews has waived this defense by failing to raise the issue until seven years into the litigation. Plaintiff cites *Whitecap Investment Corp. v. Putnam Lumber & Export Company*, 2013 WL 1155351 (D.V.I. 2013), in support of her contention, and insists that even if an affirmative defense is properly preserved in a party's responsive pleading, the party may nonetheless waive the defense. In *Whitecap Investment*, referring to the assertion of the affirmative defense of lack of personal jurisdiction, the court determined that the defendant's extensive engagement in discovery and "litigation conduct" on the merits constituted a waiver of the defense. *Id.* at *3.

¶ 9    Plaintiff claims that the delay in Defendant Andrews' filing of the Motion has prejudiced her, as the parties have exchanged written discovery and Plaintiff was required to move to compel supplemental responses. Where a defendant delays invoking an affirmative defense and prejudice results, the defense may be deemed waived. But delay alone does not constitute sufficient prejudice to support waiver, even where some discovery has occurred. *See Allen v. Hovensa, LLC*, 59 V.I. 430, 437-38 (V.I. 2013).

¶ 10    Although, the statute of limitations is an affirmative defense that is "presumptively non-jurisdictional, and therefore may be waived if not timely asserted by a defendant or equitably modified by a court,"[2] the Court finds that Defendant Andrews did not waive the defense.

---

[2] *Nibbs v. Gov't of the Virgin Islands*, 2015 V.I. LEXIS 120, at *6 (V.I. Super. 2015) (citing *Brady v Cintron*, 55 V.I. 802, 817 n.15 (V.I. 2011).

¶ 11    Plaintiff was on notice of the issue three weeks after she initiated the action on June 9, 2010, as Andrews promptly asserted that Plaintiff's claim was time-barred in his *pro se* Answer filed June 30, 2010. He reiterated the defense on June 8, 2012, in his timely *pro se* Answer to Plaintiff's First Amended Complaint. Defendant was unrepresented by counsel for the first five years of the litigation. Counsel entered an appearance on behalf of Andrews on January 21, 2016, and his present counsel substituted into the case pursuant to Order entered August 23, 2016. The present Motion followed less than a year later.

¶ 12    Moreover, Defendant Andrews' Motion is his first and only attempt—beyond the pleadings—to litigate the merits of the case. The Court finds that Andrews' limited exchange of written discovery as a self-represented litigant does not constitute the type of extensive litigation conduct giving rise to a waiver of the affirmative defense he originally pled. Further, the exchange of discovery between the parties, including Plaintiff's seeking an order to compel supplemental responses from Andrews, does not establish that Plaintiff suffered sufficient prejudice to deem that Andrews has waived the statute of limitations defense of which Plaintiff has been on notice from the outset of the case.

¶ 13    Plaintiff's letter, dated July 20, 2007, presented as an exhibit to Defendant's Motion, indicates that she became aware of Defendant Andrews' purportedly fraudulent actions more than three years before she filed her claim. Specifically, Plaintiff stated (without edits):

> I Daisy Rosa explain in this letter [e]very thing from the beginning that I rent this apartment from since April 29, 2007.... The problem I am facing with this Land-Lord [Andrews] is that from May 14, 2007 This man make my Lease and he forgery my name in the Lease. He did not told me what he did with my Lease and he took the Lease to notarize behind my back and he put the Lease only for 5 months. He did not told me anything what he was doing until I myself find out what was going on so I confront him about what he did. I told him if he do not make a deal with me I am going to take action in Court agains[t] him and the person how notarize the Lease so that is why he leave me in the apartment up to know. But know he want me out for no reason just because he want to fix up the apartment know why know?[3]

¶ 14    By Plaintiff's words, "I myself find out what was going on" at some date before July 20, 2007. She claims to have found out herself that her landlord, Defendant Andrews, had acted fraudulently by forging her signature on a lease that was limited in duration to five months,

---

[3] Defendant's Motion, Exhibit 1.

contrary to their agreement. With that information, Plaintiff advised Andrews on or before July 20, 2007, that he would have to "make a deal" with her, failing which she would "take action in Court." Despite Plaintiff's knowledge of the allegedly fraudulent actions of Andrews and his apparent failure to "make a deal" with Plaintiff, she waited more than three years, until June 9, 2010, to initiate this action against him.

¶ 15    At the latest, the statute of limitations on Plaintiff's claim began to run on July 20, 2007, the date of her letter. Pursuant to 5 V.I.C. § 31(5)(A), civil actions shall only be commenced within two years after the cause of action "for any injury to the person or rights of another not arising on contract." Plaintiff filed her original Complaint June 9, 2010, more than one year beyond the latest date that the statute of limitations could have expired.

¶ 16    For the reasons stated above, by separate Order entered herewith, Defendant Andrews' Motion for Summary Judgment will be granted, and Plaintiff's First Amended Complaint against Defendant Andrews will be dismissed with prejudice.


DATED:  December 7, 2020

_____
DOUGLAS A. BRADY, JUDGE

**ATTEST:**

TAMARA CHARLES
Clerk of the Court

By: _____
        Clerk Supervisor II
        /2/7/20

**Distribution List**
Lee J. Rohn, Esq.
Martial A. Webster, Sr., Esq.
Gertrude LeCointe, Esq.

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

DAISY ROSA,

Plaintiff,

v.

KENNETH ANDREWS, LEANDER
FRANCIS, and COMPLETE BUSINESS
SYSTEMS, INC.,

Defendants.

**CIVIL CASE NO. SX-10-CV-262**

ACTION FOR DAMAGES

(JURY)

## ORDER

In accordance with the Memorandum Opinion entered herewith, it is hereby

ORDERED that Defendant Andrews' Motion for Summary Judgment is GRANTED; and it is further

ORDERED that Plaintiff's First Amended Complaint against Defendant Andrews is DISMISSED with prejudice; and finally, it is

ORDERED that Plaintiff shall forthwith take the necessary steps to move the case forward against Defendants Leander Francis and Complete Business Systems, Inc.

DATED: December 7, 2020

DOUGLAS A. BRADY, JUDGE

ATTEST:

TAMARA CHARLES
Clerk of the Court

By: _____
Clerk Supervisor
12/7/20

**Distribution List**
Lee J. Rohn, Esq.
Martial A. Webster, Sr., Esq.
Gertrude LeCointe, Esq.