IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
September 19, 2022 10:36 AM
SX-2014-CV-00355
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| QUEEN'S RIDGE CONDOMINIUM ASSOCIATION, INC., <br><br> PLAINTIFF, <br><br> V. <br><br> TROND OSTHAUG, <br><br> DEFENDANT. | Civil No. SX-2014-CV-355 <br><br> ACTION FOR DEBT AND FORECLOSURE <br><br> CITE AS: 2022 VISUPER 80 |

**Appearances:**
**Semaj I. Johnson, Esq.**
KA Rames, P.C.
Christiansted, U.S. Virgin Islands
*For Plaintiff*

**Jeffrey Moorhead, Esq.**
Christiansted, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Administrative Judge**

¶ 1    **THIS MATTER** is before the Court for review sua sponte.

## BACKGROUND

¶ 2    On August 28, 2014, Plaintiff Queen's Ridge Condominium Association, Inc. (hereinafter "Plaintiff") filed a complaint against Defendant Trond Osthaug (hereinafter "Defendant") in an action for debt and foreclosure. In the complaint, Plaintiff alleged: (i) Plaintiff is a condominium association, (ii) Defendant is an owner of Unit No, 113 of the Queen's Ridge Condominium in St. Croix, U.S. Virgin Islands (hereinafter "Property") and is subject to "the Declaration of Condominium dated March 30, 1990," (iii) Defendant "has failed and refused to the mandatory assessments applicable" and "is in violation of the Condominium law and Bylaws," (iv) Defendant "was notified of his delinquency via certified mail dated September 18, 2013," (v) Defendant "was

further notified of his delinquency via the filing of a lien with the Virgin Islands Record of Deeds dated October 13, 2013," and (vi) "Defendant is currently in arrears in the amount of $55,128.75 as of June 30, 2014." (Compl.) In turn, Plaintiff sought for: (i) a judgment in favor of Plaintiff and against Defendant for "all additional sums which plaintiff may incur to protect the security of the property," (ii) an order "directing that the property be sold at Marshal's sale in accordance with the law" with the proceeds "applied first to the priority mortgage regarding the property," (iii) an order "directing that [Defendant] surrender possession of the property," (iv) an order "of costs to [P]laintiff in this action including reasonable attorney's fees, and (v) an order "awarding [P]laintiff such other and further relief as the Court may deem equitable and just." (Compl.)

¶ 3 Defendant filed an answer in response. In his answer, Defendant stated that he has been paying towards the deficiency and disputed the amount claimed.

¶ 4 On March 13, 2017, Plaintiff filed a motion for summary judgment. In response, Defendant filed an opposition and Plaintiff filed a reply thereafter.

¶ 5 On July 17, 2017, Plaintiff filed a request for ruling on its motion for summary judgment.

¶ 6 On February 2, 2018, the Court entered an order whereby the Court noted that Defendant's opposition to Plaintiff's motion for summary judgment stated that mediation is needed and ordered the parties to mediation. On May 25, 2018, a mediation report was filed whereby the mediator indicated that a mediation conference was held on May 16, 2018 and that this matter was recessed until June 7, 2018 for the next mediation conference.[1]

¶ 7 On August 22, 2022, Plaintiff filed a motion for ruling on its motion for summary judgment.

---

[1] The Court must point out that, while the May 25, 2018 mediation report indicated that the second mediation conference was scheduled for June 7, 2018, no further mediation report was filed in this matter. Nevertheless, in light of Plaintiff's August 22, 2022 motion for ruling on its motion for summary judgment, the Court concludes that this matter was not resolved by mediation.

## DISCUSSION

¶ 8 The Court must note at the outset that Plaintiff's motion failed to include a statement of undisputed facts in support of his motion as required under Rule 56 of the Virgin Islands Rule of Civil Procedure (hereinafter "Rule 56").[2] *See* V.I. R. CIV. P. 56(c)(1)-(2) (requiring the movant to include a statement of undisputed facts supported by affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon regarding such fact, and the opposing party to respond to the statement of undisputed facts). The Court must further note that, while Defendant filed an opposition, Defendant did not address the merits of Plaintiff's motion; Defendant simply argued that it was premature and should be denied due to noncompliance with the mediation requirement under Title 28 V.I. C. § 531(b).[3] The Court also notes that Defendant has had ample opportunity to move for leave to file an opposition to Plaintiff's motion for summary judgment. In fact, despite the fact that Plaintiff has filed two separate request/motion for ruling on its motion for

---

[2] Plaintiff filed its motion for summary judgment motion before March 31, 2017, the effective date of the Virgin Islands Rules of Civil Procedure, and therefore, filed the motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, which applied to the Superior Court of the Virgin Islands through former Superior Court Rule 7. However, the Virgin Islands Rules of Civil Procedure now "govern ... proceedings in any action pending on the effective date of these rules or amendments, unless: (A) the Supreme Court of the Virgin Islands specifies otherwise by order; or (B) the Superior Court makes an express finding that applying them in a particular previous-pending action would be infeasible or would work an injustice." V.I. R. CIV. P. 1-1(c)(2). Here, the Supreme Court has not directed that the Virgin Islands Rules of Civil Procedure should not govern motions for summary judgment. Furthermore, the Court does not find that applying the new rules would be infeasible or work an injustice. At first glance, Rule 56 of the Virgin Islands Rules of Civil Procedure may initially appear to be more stringent that its federal counterpart due to its requirement of having the moving party file a statement of undisputed facts and therefore would work an injustice. However, upon review, there is evidence that a party moving for summary judgment on March 17, 2017 was required to include an itemization of undisputed facts, and thus, applying the new rules would not work an injustice. *See Vanterpool v. Gov't of the V.I.*, 63 V.I. 563, 583 n.10 (V.I. 2015); *see also, Martin v. Martin*, 54 V.I. 379, 388-89 (V.I. 2010); FED. R. CIV. P. 56, Notes of Advisory Committee on 2010 amendments.

[3] In his opposition, Defendant argued that Plaintiff's motion for summary judgment is premature and should be denied. Defendant made the following assertions in support of his argument: (i) Plaintiff is in violation of Title 28 V.I. C. § 531(b) because the parties "have not conducted the required mediation and no good faith effort has been made by Plaintiff to resolve the issues involved in this dispute." (Opp. 1); and (ii) "If the Court proceeds to decide summary judgment at this time it would 'significantly change the mediation dynamics so as to render mediation 'an empty formality to signal compliance with the statute.'" (Id.) Title 28 V.I. C. § 531 provides that "[p]rior to the entry of any judgment of foreclosure, the parties must provide the Court with evidence that a good faith effort was made to settle the matter through mediation. The type and form of the mediation report shall be prescribed by the Superior Court of the Virgin Islands." Title 28 V.I. C. § 531(b).

summary judgment—on July 17, 2017 and again on August 22, 2022—Defendant has not done anything to oppose Plaintiff's motion for summary judgment. Nevertheless, Plaintiff's failure to include a statement of undisputed facts does not automatically render its motion fatally deficient and Defendant's failure to oppose Plaintiff's motion does not automatically result in summary judgment in favor of Plaintiff. *See* V.I. R. CIV. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: ... (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it ..."); *see also, Martin*, 54 V.I. at 388-89 (noting that the non-moving party's failure to oppose the motion for summary judgement "cannot, in and of itself, justify the grant of the motion");[4] *Vanterpool Gov't of the Virgin Islands*, 63 V.I. 563,583 (V.I. 2015). At this time, in the interest of judicial economy and efficiency, the Court will consider Plaintiff's motion for summary judgment on the merits.

---

[4] In *Marin*, the Virgin Islands Supreme Court stated:

Importantly, however,

> [s]ummary judgment will not be entered automatically if the non-moving party fails to file an opposition to the motion. Summary judgment may be granted *only if it is appropriate to do so.* Consequently, although it is assuredly a dangerous practice to fail to oppose a summary judgment motion, *even uncontested motions must be examined carefully by the [trial] court to determine whether no genuine issue of material fact remains and whether judgment is appropriate as a matter of law.* The trial court may not accept as true the moving party's itemization of undisputed facts; instead, the court must satisfy itself that the evidence in the summary judgment record supports this relief. This does not necessarily require the court to review all evidentiary materials on file, but it must at least review those materials supporting the motion itself. Moreover, the [trial] court's order should recount that it addressed the underlying motion on its merits.

STEVEN BAICKER-MCKEE ET AL., 2009 FEDERAL CIVIL RULES HANDBOOK 1093 (Thompson-West 2008). (Emphases added). *See also* FED. R. CIV. P. 56(e) ( "If the opposing party does not so respond, summary judgment should, *if appropriate*, be entered against that party." (emphasis added)); *Anchorage Ass'n v. V.I. Bd. of Tax Review*, 922 F.2d 168 (3d Cir. 1992) (holding that when non-movant fails to oppose motion for summary judgment trial court may assume truth of facts set forth in motion but may not deem motion conceded, because court must still inquire whether facts therein entitle movant to relief as a matter of law).

54 V.I. at 388-89 (emphasis in original).

¶ 9    In its motion, Plaintiff argued that "there are no material issues of fact and [P]laintiff is entitled to summary judgment as a matter of law." (Motion 1.) Plaintiff made the following assertions in support of its argument: (i) Plaintiff "is a condominium association duly formed and existing pursuant to Virgin Islands law" and owns the condominium building Queen's Ridge Condominiums. (Id.); (ii) Defendant "at all times relevant hereto, was owner of Unit No. 113 of said Queen's Ridge Condominiums." (Id.; Exhibit A); (iii) "Defendant purchased the unit in 2006, and agreed to pay assessment levied by Plaintiff, as outlined in the Declaration of Condominium for Queen's Ridge, dated March 30, 1990." (Id., at 2; Exhibit B); (iv) In 2009, Defendant stopped paying his assessments and thus, Plaintiff recorded several liens on Defendant's unit. (Id., at 2; Exhibits C-E); and (v) As of February 1, 2017, Defendant was "in arrears in the amount of approximately $39,776.74." (Id., at 2; Exhibit F.)

¶ 10    In its reply, Plaintiff outlined its further efforts to resolve this matter which was ultimately unsuccessful.

## A. Standard of Review

¶ 11    Rule 56 of Virgin Islands Rules of Civil Procedure (hereinafter "Rule 56") governs motions for summary judgment and sets forth the procedures thereto. Under Rule 56, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought" and "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.I. R. CIV. P. 56; *see, Rymer v. Kmart Corp.,* 68 V.I. 571,575 (V.I 2018) ("A summary judgment movant is entitled to judgment as a matter of law if the movant can demonstrate the absence of a triable issue of material fact in the record."). "A factual dispute is deemed genuine if 'the evidence is such that a reasonable jury could return a verdict for the

nonmoving party[,]'" and a fact is material only where it "might affect the outcome of the suit under the governing law[.]" *Todman v. Hicks*, 70 V.I. 430, 436 (V.I. Super. Ct. April 17, 2019) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)). The reviewing court must view all inferences from the evidence in the light most favorable to the nonmoving party, and take the nonmoving party's conflicting allegations as true if properly supported. *Kennedy Funding, Inc. v. GB Properties, Ltd.*, 2020 V.I. 5, ¶14 (V.I. 2020). "The movant may discharge this burden simply by pointing out to the ... court that there is an absence of evidence to support the nonmoving party's case." *Id.* (internal quotation marks and citation omitted). Once the moving party meets this burden, "the non-moving party then has the burden of set[ting] out specific facts showing a genuine issue for trial." *Id.* (internal quotation marks and citation omitted). The non-moving party "may not rest upon mere allegations, [but] must present actual evidence showing a genuine issue for trial." *Rymer*, 68 V.I. at 576 (quoting *Williams v. United Corp*, 50 V.I. 191, 194 (V.I. 2008)). "Such evidence may be direct or circumstantial, but the mere possibility that something occurred in a particular way is not enough, as a matter of law, for a jury to find it probably happened that way." *Kennedy*, 2020 V.I. 5, ¶14. Moreover, the court "should not weigh the evidence, make credibility determinations, or draw 'legitimate inferences' from the facts when ruling upon summary judgment motions because these are the functions of the jury." *Todman*, 70 V.I. at 437 (quoting *Williams*, 50 V.I. at 197); *see Kennedy*, 2020 V.I. 5, ¶14; *see also, Rymer*, 68 V.I. at 577 ("When considering a summary judgment motion, a trial judge may not weigh the credibility of evidence or witnesses."). In deciding a motion for summary judgment, the court's role "is not to determine the truth, but rather to determine whether a factual dispute exists that warrants trial on the merits." *Todman*, 70 V.I. at 437 (citations omitted); *see Kennedy*, 2020 V.I. 5, ¶14 (noting that the court "decide only whether there is a genuine issue for trial such that a reasonable jury could return a verdict for the non-moving

party"). Accordingly, "if a credibility determination is necessary as to the existence of a material fact, a grant of summary judgment would be improper." *Rymer*, 68 V.I. at 577. Because summary judgment is "[a] drastic remedy, a court should only grant summary judgment when the 'pleadings, the discovery and disclosure materials on file, and any affidavits, show there is no genuine issue as to any material fact.'" *Rymer*, 68 V.I. at 575-76 (quoting *Williams*, 50 V.I. at 194). The Court is required to "state on the record the reasons for granting or denying the motion." V.I. R. Civ. P. 56(a).

### A. Debt Claim

¶12     As noted in *Carlos Warehouse v. Thomas*, "no Virgin Islands precedent (binding or persuasive) explains what common law rule governs a claim for money owed" and thus, a *Banks* analysis was necessary to determine whether a debt claim should be recognized under the common law of the Virgin Islands and what specific rules should apply. 64 V.I. 173, 183-84 (V.I. Super. Ct. May 12, 2016). The *Carlos Warehouse* court conducted a *Banks* analysis and concluded that "it is unquestionably the soundest rule for the Virgin Islands to recognize a claim for debt," *Id.* at 192 (quotation marks and internal citation omitted), and that "[t]o state a common law claim for debt under Virgin Islands law, the plaintiff must allege that the defendant owes a certain amount and that the defendant is or should be obligated to pay that amount." *Id.* Having reviewed the *Banks* analysis conducted in *Carlos Warehouse*, this Court sees no reason to depart from that ruling and adopts that analysis as though the same were set forth herein.

¶13     In this instance, the Court finds that Plaintiff satisfied its burden of establishing that there is no genuine dispute as to any material fact regarding the facts supporting each element of the debt claim. Plaintiff established the existence of an agreement between Plaintiff and Defendant for Defendant to pay assessments to Plaintiff—to wit, under the Declaration of Condominium for

Queen's Ridge, upon Defendant's acceptance of the Warranty Deed for the Property, Defendant agreed to pay assessments to Plaintiff. (Compl.; Answer; Motion; Exhibit A-Warranty Deed for the Property, dated October 2, 2006, showing Defendant as the grantee; Exhibit B-Declaration of Condominium for Queen's Ridge, dated March 30, 1990;[5] Exhibit F-Plaintiff's Invoice to Defendant, dated February 1, 2017.) Here, Defendant owes assessments to Plaintiff and has failed to pay. (Compl.; Answer.) Based on the foregoing, Plaintiff is entitled to judgment as matter of law as to its debt claim against Defendant. However, as to the amount of the judgment, given that the invoice attached to Plaintiff's motion for summary judgment was dated February 1, 2017, the Court will order Plaintiff to supplement its motion with a current itemized invoice of the outstanding assessments owed by Defendant to Plaintiff.[6]

## B. Foreclosure Claim

¶ 14    Based on the fact that Defendant owes Plaintiff outstanding assessments, the Court finds that Plaintiff is permitted to foreclose on the Property under Title 28 V.I.C. § 922(a)[7] and Title 28 V.I.C.

---

[5] The Declaration of Condominium for Queen's Ridge, dated March 30, 1990 provides in relevant part:

> 6.1 Creation of Lien and Personal Obligation for Assessments. Each Unit Owner of a Unit, by acceptance of a deed to such Unit or other conveyance thereof, whether or not it shall be so expressed in such deed or other conveyance, shall be deemed to covenant and agree to pay to the Association: (1) annual assessments or charges...; and (ii) special assessments...

> ...

> 15.10 Rights and Obligations. Each grantee of a Unit Owner, by acceptance of a deed of conveyance or other instrument of conveyance, accepts the same subject to all restrictions, conditions, covenants, reservations, liens, easements and charges, and all other provisions contained, created, or reserved by this Declaration. All rights, benefits and privileges of every character hereby imposed shall be deemed and taken to be convenants running with the land and shall bind any person having at any time any interest or estate in the Property or any portion thereof and shall inure to the benefit of the grantee in like manner as thought [sic] the provisions of this Declaration were recited and stipulated at length in each and every deed, contract or other instrument of conveyance. The provisions of this Declaration shall be binding upon all Persons having and acquiring any right, title or interest in the Property and their respective legal representatives, heirs, successors, successors-in-title, and assigns and shall inure to the benefit of every Unit Owner, the Association, and the Declarant, and their respective legal representatives, heirs, successors, successors-in-title and assigns.

[6] In its August 22, 2022 motion, Plaintiff indicated that Defendant's debt to Plaintiff continues to accrue. (Aug. 22, 2022 Motion 1.)

[7] Title 28 V.I.C. § 922(a) provides:

§ 531.[8] However, the Court cannot discern whether there are any other lien holders on the Property that need to be made a defendant in the action as required under Title 28 V.I.C. § 532.[9] As such, the Court will order Plaintiff to file a title search report of the Property.

### C. Costs (Including Attorneys' Fees)

¶ 15    Plaintiff also requested costs and attorneys' fees incurred by Plaintiff in connection with this action. (Compl.; Motion) Rule 54 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 54") provides that "[w]ithin 30 days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the court a bill of costs, together with a notice of motion when application will be made to the court to tax the same." V.I. R. Civ. P.

---

All sums assessed by the Association of Apartment Owners but unpaid for the share of the common expenses chargeable to any apartment shall constitute a lien on such apartment prior to all other liens except only (i) tax liens on the apartment in favor of the Government of the United States Virgin Islands, and (ii) all sums unpaid on a first mortgage of record. Such lien may be foreclosed by suit by the manager or Board of Directors, acting on behalf of the apartment owners, in like manner as a mortgage of real property. In any such foreclosure the apartment owner shall be required to pay a reasonable rental for the apartment, if so provided in the bylaws, and the plaintiff in such foreclosure shall be entitled to the appointment of a receiver to collect the same. The manager or Board of Directors, acting on behalf of the apartment owners, shall have the power, unless prohibited by the declaration, to bid in the apartment at foreclosure sale, and to acquire and hold, lease, mortgage and convey the same. Suit to recover a money judgment for unpaid common expenses shall be maintainable without foreclosing or waiving the lien securing the same.

Title 28 V.I.C. § 922(a).

[8] Title 28 V.I.C. § 531(a) provides:

A lien upon real property, other than that of a judgment, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby, by an action of an equitable nature. In such action, in addition to the judgment of foreclosure and sale, if it appears that a promissory note or other personal obligation for the payment of the debt has been given by the mortgagor or other lien debtor, or by any other person as principal or otherwise, the court shall also adjudge a recovery of the amount of such debt against such person or persons, as the case may be, as in the case of an ordinary judgment for the recovery of money.

Title 28 V.I.C. § 531(a).

[9] Title 28 V.I.C. § 532 provides:

Any person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt or any part thereof, secured by the mortgage or other lien which is the subject of the action, shall be made a defendant in the action. Any person having a prior lien may be made defendant at the option of the plaintiff, or by the order of the court when deemed necessary.").

Title 28 V.I.C. § 532.

54(d)(1)(A). Accordingly, at this juncture, the Court will deny without prejudice Plaintiff's request for costs and attorneys' fees incurred by Plaintiff in connection with this action. However, Plaintiff may file a separate motion for costs and attorneys' fees, with proper briefing and supporting documents, in compliance with Rule 54. Failure to comply with Rule 54 may result in the costs and attorneys' fees being waived. *See* V.I. R. Civ. P. 54(d)(1)(E) ("Upon failure of the prevailing party to comply with this Rule, all costs may be waived.").

## CONCLUSION

¶ 16    For the reasons stated above, the Court will order Plaintiff to file a current itemized invoice of the outstanding assessments owed by Defendant to Plaintiff and a title search report of the Property, and reserve entering an order and final judgment on Plaintiff's motion for summary judgment pending receipts of Plaintiff's supplementations. Accordingly, it is hereby:

**ORDERED** that, **within sixty (60) days from the date of the entry of this Order**, Plaintiff shall file a current itemized invoice of the outstanding assessments owed by Defendant to Plaintiff and a title search report of the Property.

**DONE and so ORDERED** this 19th day of September, 2022.

**ATTEST:**
Tamara Charles
Clerk of the Court

By: *Sharisse A. Bascombe*

Court Clerk Supervisor

Dated: September 22, 2022

**HAROLD W.L. WILLOCKS**
**Administrative Judge of the Superior Court**