IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
December 02, 2024 01:09 PM
ST-2016-CV-00563
**TAMARA CHARLES**
**CLERK OF THE COURT**



### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **PAUL M. MONTRONE REVOCABLE TRUST OF 2010,** | ) | **CASE NO. ST-2016-CV-00563** |
| Plaintiff, | ) | |
| vs. | ) | |
| **KEVIN COGAN,** | ) | **ACTION FOR DEBT** |
| Defendant. | ) | |
| | ) | |
| **KEVIN COGAN,** | ) | |
| Third Party Plaintiff, | ) | **ACTION FOR FRAUD, CONSPIRACY, AND CICO** |
| vs. | ) | |
| **MICHELLE MONTRONE COGAN and PAUL M. MONTRONE,** | ) | |
| Third Party Defendants, | ) | **JURY TRIAL DEMANDED** |

Cite as 2024 VI Super 52U

### MEMORANDUM OPINION

¶1     **THIS MATTER** is before the Court on Plaintiff Paul M. Montrone Revocable Trust of 2010's ("the Trust") and Third-Party Defendant Paul M. Montrone's ("Montrone") Motion for Partial Summary Judgment, filed on January 19, 2018. The motion is fully briefed.[1] For the reasons set forth herein, the motion will be granted in part and denied in part.

---

[1] Defendant Kevin Cogan filed an opposition on March 7, 2018. The Trust filed a reply on March 26, 2018.

*Paul M. Montrone Revocable Trust of 2010 v. Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – the Trust's Motion for Partial Summary Judgment on the statute of limitations
Page 2 of 13

## BACKGROUND AND PROCEDURAL HISTORY

¶2      On September 21, 2016, the Trust filed a complaint with the court in an action for debt against Defendant Kevin Cogan ("Kevin") for the sum of $7,322,228.28, plus interest. The complaint alleges that Kevin and Michele Cogan borrowed the total sum of $7,322,228.28 from the Trust throughout the course of their marriage, through several promissory notes. The Trust asserts that Kevin has failed to make any payments on the promissory notes and has subsequently defaulted on the notes.[2]

¶3      Some of the funds from these notes were used by Kevin and Michele Cogan to build a multi-million-dollar home on Parcel Nos. D-13 and D-14 Consolidated Estate Lovenlund, No. 2 Great Northside Quarter, St. Thomas, U.S. Virgin Islands ("*Casa Sul Mare*") during their marriage.

¶4      Kevin filed counterclaims and third-party complaints for fraud, criminal conspiracy, and civil conspiracy against the Trust, Montrone and Michele Cogan ("Michele"). In his counterclaims, Kevin asserts that the Trust, Montrone, and Michele made fraudulent misrepresentations to get his signature on some of the promissory notes and attempted to divest Kevin of his property interest in *Casa Sul Mare.*

¶5      This motion for summary judgment seeks summary judgment on Kevin's counterclaims and third-party claims on the basis that the statute of limitations on those counterclaims and third-party claims has expired.[3]

---

[2] This case is closely related to an acrimonious divorce proceeding initiated in 2016 by Kevin against Michele in New Hampshire.

[3] On December 6, 2017, the Trust and Montrone filed a Motion for Summary Judgment with this court. Any arguments addressed in that motion will not be considered in this opinion, they will be decided in a separate opinion issued by the court.

*Paul M. Montrone Revocable Trust of 2010 v. Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – the Trust's Motion for Partial Summary Judgment on the statute of limitations
Page 3 of 13

## UNDISPUTED MATERIAL FACTS[4]

### A. The Individual Parties

1. Kevin and Michele were married for twenty-three years.

2. The Cogans built, owned and maintained a 14,555 square-foot mansion named *Casa Sul Mare* on a cliff overlooking the Atlantic Ocean on the north shore of St. Thomas, U.S. Virgin Islands.

3. Paul Montrone, Michele's father, is a successful businessman.

### B. The Trust

4. The Trust was created in 2010 pursuant to New Hampshire law.

### C. The Montrone Loans

5. Montrone began loaning Kevin and Michele money to fund construction of the mansion in 2006.

6. Between June 2006 and May 2008, Kevin and Michele, as co-obligors, executed a series of nine promissory notes "payable to the order of Paul Montrone":

   a. On June 1, 2006 Kevin and Michele executed a promissory note payable to Montrone in the amount of $300,000.00 at an annual interest rate of 5.06%;

---

[4] According to V.I. R. Civ. P. 56(c)(2)(B), "a party opposing entry of summary judgment must address in a separate section of the opposition memorandum each of the facts upon which the movant has relied pursuant to subpart (c)(1) of this Rule, using the corresponding serial numbering, either: (i) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (ii) stating that the fact is disputed and providing affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon as evidence relating to each such material fact, by number." Defendant has failed to do that in this case. Thus, the Court may act in accordance with V.I. R. Civ. P. 56(e), which permits the court to ...consider the fact undisputed for purposes of the motion. However, the court only adopted the facts that are completely supported by the record.

*Paul M. Montrone Revocable Trust of 2010 v. Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – the Trust's Motion for Partial Summary Judgment on the statute of limitations
Page 4 of 13

       b. On August 11, 2006, Kevin and Michele executed a promissory note payable to Montrone in the amount of $500,000.00 at an annual interest rate of 5.21%;

       c. On January 2, 2007, Kevin and Michele executed a promissory note payable to Montrone in the amount of $500,000.00 at an annual interest rate of 4.58%;

       d. On March 1, 2007, Kevin and Michele executed a promissory note payable to Montrone in the amount of $500,000.00 at an annual interest rate of 4.86%

       e. On June 7, 2007, Kevin and Michele executed a promissory note payable to Montrone in the amount of $500,000.00 at an annual interest rate of 4.64%;

       f. On August 3, 2007, Kevin and Michele executed a promissory note payable to Montrone in the amount of $500,000.00 at an annual interest rate of 5.09%;

       g. On October 1, 2007, Kevin and Michele executed a promissory note payable to Montrone in the amount of $300,000.00 at an annual interest rate of 4.35%;

       h. On November 13, 2007, Kevin and Michele executed a promissory note payable to Montrone in the amount of $300,000.00 at an annual interest rate of 4.39%; and

       i. On May 12, 2008, Kevin and Michele executed a promissory note payable to Montrone in the amount of $500,000.00 at an annual interest rate of 2.74%.

## D. The First Consolidated Note

7. The total amount of principal Kevin and Michele borrowed from Montrone was $3.9 million.

8. Kevin signed each note.

*Paul M. Montrone Revocable Trust of 2010 v. Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – the Trust's Motion for Partial Summary Judgment on the statute of limitations
Page 5 of 13

9. Kevin, Michele, and Paul Montrone agreed to consolidate the previous nine promissory notes in a single new note with a lower interest rate. On August 20, 2009, Kevin and Michele executed a promissory note in the amount of $4,314,779.00.

10. The interest rate on the consolidated note was 0.83%.

11. The previous nine promissory notes in the principal amount of $3.9 million were marked "CANCELLED."

### E. The Trust Loans

12. On June 30, 2011, Kevin and Michele signed another note in the amount of $300,000.00 with an interest rate of 0.46%, payable to the order of Paul M. Montrone as Trustee of the Paul M. Montrone Revocable Trust of 2010.

13. The June 30, 2011, note was given **"FOR VALUE RECEIVED."**

14. On September 27, 2011, Kevin and Michele executed another note payable to Montrone as trustee of the Trust in the amount of $200,000.00 with an interest rate of 0.26%.

### F. The Second Consolidation Note

15. On June 1, 2012, the Trust and Kevin and Michele executed a promissory note in the amount of $4,964,779.00, payable to the Trust, with an interest rate of 0.23% per annum.

16. Kevin Cogan signed the June 1, 2012 note.

### G. Kevin and Michele Continue to Borrow from the Trust

17. On September 24, 2012, Kevin and Michele borrowed cash pursuant to a promissory note in the amount of $158,000.00 with an interest rate of 0.21%.

*Paul M. Montrone Revocable Trust of 2010 v. Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – the Trust's Motion for Partial Summary Judgment on the statute of limitations
Page 6 of 13

18. On April 10, 2013, Kevin and Michele borrowed cash pursuant to a promissory note in the amount of $160,000.00 with an interest of 0.22%.

19. In early 2014, Kevin and Michele owed nearly $2 million to the Bank of Nova Scotia and Wells Fargo Bank for the construction loans.

20. The Trust executed a promissory note dated February 28, 2014, in the amount of $1,919,449.28 with an interest rate of 0.30%, payable to the Trust.

## H. Kevin Sues Michele for Divorce in New Hampshire

21. In mid-2014, Kevin and Michele moved from St. Thomas to New Hampshire.

22. Kevin filed for divorce on March 9, 2016.

## I. The Trust Demands Payment from Kevin and Michele

23. On July 22, 2016, the Trust served a written demand upon Kevin and Michele declaring that they were in default on the entire amount due and owing.

24. All the promissory notes state they "shall be construed and enforced in accordance with the laws of the State of New Hampshire, without giving effect to its conflict of laws provisions."

## LEGAL STANDARD

¶6    Rule 56 of the Virgin Islands Rules of Civil Procedure contains the legal standard on a ruling for a motion for summary judgment. V.I. R. CIV. P. 56(A) provides that:

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

*Paul M. Montrone Revocable Trust of 2010 v. Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion — the Trust's Motion for Partial Summary Judgment on the statute of limitations
Page 7 of 13

Additionally, V.I. R. CIV. P. 56(c)(1) states that "[e]ach summary judgment motion shall include a statement of undisputed facts in a separate section within the motion." The undisputed fact shall be "supported by affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon regarding such fact." V.I. R. Civ. P. 56(c)(1).

¶7 A moving party for summary judgment bears the burden of showing no genuine issue of any material fact exists and that it is entitled to judgment as a matter of law. V.I. R. Civ. P. 56(a). After the moving party has met its burden, the opposing party "must present actual evidence showing a genuine issue for trial." *Allahar v. 2DD Bjerge Grade, LLC*, 2022 VI SUPER 18U, at *15 (V.I. Super. Ct. Feb. 10, 2022) (citing *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)). The opposing party "must provide more than a scintilla of supporting evidence to survive a motion for summary judgment." *Id.* (citing *Anderson v. Am. Fed'n of Teachers*, 67 V.I. 777, 788-89 (V.I. 2017) (citing *Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 527-28 (V.I. 2013)). As such, "[t]he non-moving party may not rest upon mere allegations but must present actual evidence showing a genuine issue for trial." *Greenleaf Commons, LLC v. St. John Day Spa & Salon, LLC*, 2021 VI SUPER 2U, at *8 (V.I. Super. Ct. Jan. 11, 2021) (citing *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013) (quoting *Williams*, 50 V.I. at 194-95)).

¶8 V.I. R. CIV. P. 56(c)(2)(B) provides that "a party opposing entry of summary judgment must address in a separate section of the opposition memorandum each of the facts upon which the movant has relied." Additionally, the opposing party must either agree "that the fact is undisputed for the purpose of ruling on the motion for summary judgment only" or it must state "the fact is disputed and providing affidavit(s) or citations identifying specifically the location(s)

*Paul M. Montrone Revocable Trust of 2010 v. Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – the Trust's Motion for Partial Summary Judgment on the statute of limitations
Page 8 of 13

of the material(s) in the record relied upon as evidence relating to each such material fact, by number." V.I. R. Civ. P. 56(c)(2)(B).

¶9     In *Antilles School, Inc. v. Lembach*, 64 V.I. 400 (V.I. 2016), the Virgin Island Supreme Court held that a judgment as a matter of law is appropriate after "considering all of the evidence . . . . the court concludes that a reasonable jury could only enter judgment in favor of the moving party." *Id.* at 409. Summary judgment is a "drastic remedy" and only proper where "the pleadings, the discovery and disclosure materials on file ... show that there is no genuine issue as to material fact[.]" *Rogers v. Gov't Employees' Ret. Sys. of United States Virgin Islands*, 2022 V.I. LEXIS 45, at *14 (V.I. Super. Ct. 2022) (citing *Anthony*, 58 V.I. at 228) (quoting *Williams*, 50 V.I. at 194).

¶10    As the moving party, the Defendants have the initial burden of demonstrating that there are no genuine issues as to any material fact.

## DISCUSSION

¶11    The Trust and Montrone move for summary judgment on the basis that Kevin's fraud and civil conspiracy counterclaims and third-party claims are barred by the statute of limitations.[5] Because the promissory notes state that they "shall be construed and enforced in accordance with the laws of the State of New Hampshire, without giving effect to its conflict of laws provisions," the court must address what laws should apply.

¶12    The Trust and Montrone argue that, for Kevin's fraud and civil conspiracy claims, the Virgin Islands statute of limitations should apply, not the New Hampshire statute of limitations, because the statute of limitations is procedural law; therefore, the forum's statute of limitations

---

[5] The Trust and Montrone are only seeking summary judgment on the counterclaims for fraud and civil conspiracy based on the statute of limitations. The Trust and Montrone are not seeking summary judgment on Kevin's CICO counterclaim and third-party claim in the motion addressed herein.

*Paul M. Montrone Revocable Trust of 2010 v. Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – the Trust's Motion for Partial Summary Judgment on the statute of limitations
Page 9 of 13

should apply. Kevin does not assert an opposition to applying the Virgin Islands statute of limitations. While both the Virgin Islands and New Hampshire have identical elements for claims of fraud and civil conspiracy, their statute of limitations differ. In New Hampshire, the statute of limitations for fraud and civil conspiracy claims is three years. *See* R.S.A. 508:4. Whereas the statute of limitations for fraud and civil conspiracy claims in the Virgin Islands is two years. 5 V.I.C. § 31(5)(A). *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 795 (V.I. 2015).

¶13    In the Trust and Montrone's other motion for summary judgment, the court will apply Virgin Islands law to the substantive issues raised regarding the fraud and civil conspiracy claims. Therefore, the Virgin Islands statute of limitations would apply as well, as it is both the applicable substantive law and the procedural law of the forum court.

¶14    In their motion, the Trust and Montrone only address four promissory notes: the June 1, 2012 consolidation note, the September 24, 2012 note, the April 10, 2013 note, and the February 28, 2014 note.

I.    **There is only a genuine dispute of material fact regarding the statute of limitations for the fraud claim on the June 2012 consolidation note.**

¶15    The Trust and Montrone argue that the two-year statute of limitations for Kevin's fraud claims has run for these four notes because the statute of limitations started to run when the alleged misrepresentations were made, i.e. June 1, 2012, September 24, 2012, April 10, 2013, and February 28, 2014. Therefore, the statute of limitations on Kevin's fraud claims expired on June 1, 2014, September 24, 2014, April 10, 2015, and February 28, 2016, respectively.

¶16    However, Kevin argues that, for fraud claims, the statute of limitations does not begin to accrue until the party discovers the fraudulent misrepresentation. Kevin claims that he did not discover the fraudulent misrepresentations related to the June 2012 consolidation note until after

*Paul M. Montrone Revocable Trust of 2010 v. Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – the Trust's Motion for Partial Summary Judgment on the statute of limitations
Page 10 of 13

litigation for this matter had commenced. In fact, Kevin even states that he did not know of the fraud until after he had already filed his counterclaims for fraud. He does not state when he discovered the alleged fraudulent misrepresentations regarding the September 24, 2012 note, the April 10, 2013 note, or the 2014 note, nor otherwise argue or infer that he discovered the alleged fraud on these three notes after he signed them.

¶17    According to 5 V.I.C. § 32(c), "in an action upon . . . fraud . . . the limitation shall be deemed to commence only from . . . the discovery of the fraud . . .." However, in *Martin v. Martin*, 54 V.I. 379 (V.I. 2010), the Court specifies that the claims for fraud and misrepresentation commence when the defendant discovered or should have discovered the alleged fraud. *Id.* at 391.

¶18    The Trust and Montrone contend that if it is true, as Kevin asserts, that he did not have access to the account into which the funds were deposited, he should have known the moment the notes were executed. Nevertheless, Kevin's sworn statement that he did not discover the alleged fraud on the June 2012 consolidation note until he was involved in divorce proceedings in 2016, creates a material issue of fact regarding when Kevin knew or should have known that his signature was allegedly procured by fraud. Therefore, the court must deny the portion of the motion seeking summary judgment on the June 2012 consolidation note.

¶19    Unlike the June 2012 consolidation note, Kevin does not make any assertions regarding the date(s) he discovered the alleged fraud in the remaining three notes, nor does he otherwise suggest that the statute of limitations started to run on a date other than the date he signed the notes. Therefore, the court can only consider the arguments from the Trust and Montrone: that Kevin should have discovered any alleged fraudulent misrepresentations made regarding the September 24, 2012 note, the April 10, 2013 note, and the February 28, 2014 note when he executed the notes.

*Paul M. Montrone Revocable Trust of 2010 v. Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – the Trust's Motion for Partial Summary Judgment on the statute of limitations
Page 11 of 13

Because this case was filed on September 21,2016,[6] the two-year statute of limitations bars Kevin's claims for fraud in relation to the September 24, 2012 note, the April 10, 2013 note, and the 2014 note. Therefore, the court finds that the Trust and Montrone are entitled to summary judgment on Kevin's fraud claims for the September 24, 2012 note, April 10, 2013 note, and February 28, 2014 note. Therefore, Kevin's counterclaim and third-party claim for fraud on those three notes will be dismissed.

**II.  There is only a genuine dispute of material fact regarding the statute of limitations for the civil conspiracy claim based on the June 2012 consolidation note.**

¶20  The Trust and Montrone argue that the two-year statute of limitations for Kevin's civil conspiracy claims has run for the four notes dated June 1, 2012, September 24, 2012, April 10, 2013, and February 28, 2014, because the statute of limitations started to run on the dates the notes were signed. Therefore, the Trust and Montrone argue that Kevin would have had to file his civil conspiracy claims by June 1, 2014, September 24, 2014, April 10, 2015, and February 28, 2016, respectively. Kevin's response is silent and does not contest that the statute of limitations had expired on his civil conspiracy claims.

¶21  The statute of limitations for a civil conspiracy claim is the same as the underlying tort it is based on. *McKinley Fahie v. Ferguson*, 2021 VI SUPER 38U, at *21 (V.I. Super. Ct. 2021). Therefore, based on the conclusions made above, the date the statute of limitations commenced on the June 2012 consolidation note is in dispute, and thus summary judgment will be denied. But the two-year statute of limitations bars Kevin's prosecution of the claims for civil conspiracy on the remaining notes.

---

[6] Some courts hold that the statute of limitations is tolled when the complaint is filed since Kevin's counterclaims were mandatory counterclaims. But the court need not decide which date is the operative date since the statute of limitations on Kevin's counterclaim for civil conspiracy had expired before the Trust instituted this suit.

*Paul M. Montrone Revocable Trust of 2010 v. Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – the Trust's Motion for Partial Summary Judgment on the statute of limitations
Page 12 of 13

¶22    Therefore, the court finds that it must deny summary judgment on the civil conspiracy claim on the June 2012 consolidation note based upon the statute of limitations. But the court finds the Trust and Montrone are entitled to summary judgment on civil conspiracy claims, based upon the statute of limitations, on the September 24, 2012 note, the April 10, 2013 note, and the February 28, 2014 note. Therefore, Kevin's counterclaims for civil conspiracy on those three notes will be dismissed.

## CONCLUSION

¶23    The court finds that there is no dispute of material fact that the statute of limitations on Kevin Cogan's counterclaims for fraud and civil conspiracy associated with the September 24, 2012 note, April 10, 2013 note, and the February 28, 2014, had run before the claims were filed. Therefore, the Trust and Montrone are entitled to judgment as a matter of law on Kevin Cogan's counterclaims for fraud and civil conspiracy associated with those three notes. However, there is a dispute as to when the statute of limitations commenced for the fraud and civil conspiracy claims associated with the June 2012 consolidation note. Therefore, the Trust and Montrone are not entitled to judgment as a matter of law regarding those claims. Accordingly, Plaintiff and Third-Party Defendants' Motion for Partial Summary Judgment is granted in part and denied in part.

*Paul M. Montrone Revocable Trust of 2010 v. Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – the Trust's Motion for Partial Summary Judgment on the statute of limitations
Page 13 of 13

An Order consistent with this Memorandum Opinion will immediately follow.

DATED:  December 2 , 2024

ATTEST:
TAMARA CHARLES
Clerk of the Court

BY:
LATOYA CAMACHO
Court Clerk Supervisor  12, 2, 2024

Kathleen Mackay
Judge of the Superior Court
of the Virgin Islands